ROGERS, trustee, &c. *vs.* OSTROM and MORRIS.

A tenant sued for rent may set up as a defense any claim he may have for damages done to his rights and tenure as lessee, by the act of the lessor, or by means of any act done by his permission.

It is not necessary that such act should amount to an eviction. Under the present law, all the conflicting claims of the parties, concerning the same subject matter, may be, and ought to be, settled in one suit. *Per* GOULD, J.

Where, by the lessor's permission, there has been a material interference with the beneficial use by the lessee, of the premises hired — even though the act done does not amount to an eviction — the right to abandon the premises exists, and there can be no claim for rent after an abandonment made under such circumstances.

If, in an action for rent, the defendant shows that he has sustained damages besides the amount of the rent, he may recover them in such suit.

IN April, 1858, the defendants, by an instrument under seal, hired of the plaintiff the second floor and offices of store No. 152 South street, in the city of New York, for the term of three years, to commence May 1st, 1858, at the yearly rent of five hundred dollars, payable quarterly. This action was brought to recover rent, under the above mentioned lease, to wit, one quarter's rent alleged to be due August 1st, 1859. The defense rests upon the following state of facts : The defendants had occupied the premises in question for several years prior to the hiring before referred to. During such occupancy, and down to the 2d day of February, 1859, there had been an entrance from South street to the demised premises, separate and distinct from the store or room of the first floor of the building. The store or room upon the first floor was used as a bar-room and tipling shop, of a low character. On February 2d, 1859, the plaintiff removed the partition separating the bar-room from the defendants' entrance way, and this made it necessary that the defendants, and those doing business with them, should go through the bar-room in order to reach the defendants' place of business. The defendants immediately remonstrated with the plaintiff, and notified him that unless the partition was restored, they would leave the premises. The plaintiff refusing to restore

Rogers *v.* Ostrom.

the partition, the defendants abandoned the premises. A sub-tenant of the defendants had previously abandoned his office upon the second floor, because of the removal of the partition. The answer also set up special damages by way of counter-claim.

This action was tried before a referee; who reported, upon the facts found by him, *First.* That the plaintiff was guilty of a constructive eviction of the defendants; and that the defendants, having abandoned the premises, the plaintiff was not entitled to recover rent ; and *Second.* That the defendants suffered damages to the amount of seventy-five dollars by reason of such eviction. The case now comes up upon exceptions to the ruling of the referee, in the course of the trial, and to his report.

*R. H. Bowne,* for the plaintiff.

*Brainard & Rice,* for the defendants.

*By the Court,* GOULD, J. I think that, as a defense against the claim for rent, the defendants (under the code) can set up any claim they may have for damages done to their rights and tenure as lessees, by the act of the lessor, or by any act done by his permission. And it is not necessary that such act should amount to an eviction. Under the present law, all the conflicting claims of the parties, concerning the same subject matter, may be, and ought to be, settled in in one suit.

It would seem that the referee has found facts sufficient to show that, by the lessor's permission, there was a material interference with the beneficial use, by the lessees, of the premises hired. And from these, his conclusions of law, (even if not technically accurate in saying that the acts amounted to an *eviction,*) are to the effect that the right to abandon existed, and there could be no claim for rent after that course was taken.

There would be as little doubt that, if the defendants showed that they sustained damages, (besides the amount of the rent,) they could recover them in this suit.   But it is manifest that the referee has not adopted the true rule of damages ; and it is not in the power of this court to correct it.   For this reason there should be a new trial, with costs to abide the event, unless the defendants stipulate to remit, and remit on the roll, the damages.   Should they do so, the judgment should be affirmed, without costs.

[NEW YORK GENERAL TERM, September 16, 1861.   *Clerke, Gould* and *Barnard,* Justices.]