CYRUS BENTLEY

*v.*

WILLIAM SILL, impleaded with JOSEPH H. MARTIN.

1. LANDLORD AND TENANT — *eviction.* Where a landlord demised certain premises to be used as sleeping rooms, owning at the time of the demise but three of the walls, and having no easement in the fourth; the roof of the premises demised being built upon and against the fourth wall, and the owner of the fourth wall in raising his building, having necessarily broken in the roof of the demised premises and rendered the demised premises unfit for the purposes for which they were leased: *Held,* that the tenant when he rented the building, had a right to suppose his lessor was the owner of the four walls inclosing it, or if not that he had an easement in the wall; that it was the lessor's duty when the owner of the fourth wall raised his building to meet the exigency and protect his tenant; that this disturbance of the premises was equivalent to an eviction and suspended to that extent the payment of the rent.

APPEAL from the Cook County Circuit Court. Hon. GEORGE MANNIERRE, Judge, presiding.

The facts in this case are sufficiently stated in the opinion of the Court.

Mr. CYRUS BENTLEY, for the appellant.

Messrs. BURNHAM and MARTIN, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This suit was originally commenced before a justice of the peace, by Bentley against Sill, for two months' rent of a building, in Chicago, which he had rented to one Martin, for whom Sill was security. A judgment was rendered in favor of Sill and an appeal taken by Bentley to the Circuit Court, where a judgment was also found in favor of Sill. Bentley brings the case here by appeal.

The defense relied upon in the Circuit Court was, in brief, an eviction of the premises by reason of having become untenantable by the laches of the plaintiff, or so disturbed in the enjoyment of them, that Martin was obliged to abandon them.

At the time of the demise the building consisted, apparently, of four walls; but it appeard on trial of the case, that the east wall belonged to J. Y. Scammon, the west wall belonged in part to the plaintiff, and the end walls on the north and south to the plaintiff. The roof was of boards, covered with gravel and tar, and the whole firmly joined to the Scammon wall. The studding supporting the roof was spiked into the Scammon wall. This wall also formed the east side of the chimney of the demised building.

After the demise and possession by the defendant, but before the rent sued for had accrued, Scammon raised his entire building, thereby lifting up what was the east wall of the demised building, six feet. In doing this the roof was necessarily broken in, the use of the chimney was destroyed, and, as the proof shows, the building was rendered unfit for the purpose for which the defendant had leased it. The building was rented for sleeping rooms, at an annual rent of five hundred dollars.

We do not deem it necessary to go over the grounds of claim and defense occupied by the parties here; it is sufficient to say that Martin, when he rented this building, had a right to suppose the plaintiff was the owner of the four walls inclosing it, or if not, he had an easement in the Scammon wall. It appears he had no such easement; and the defendant has been

so disturbed in the enjoyment of the building by the lawful act of Scammon, as to be obliged to abandon it.

We are satisfied it was the plaintiff's duty, when Scammon raised his building, to meet the exigency and protect his tenant. The first fault was his, in not doing so; and he ought not to be permitted to recover rent for the months claimed. This disturbance by Mr. Scammon was equivalent to an eviction, and suspended, to that extent, the payment of the rent. *Halligan* v. *Wade*, 21 Ill. 470; *Wade* v. *Halligan*, 16 id. 507; *White* v. *Walker*, 31 id. 422.

The judgment must be affirmed.

*Judgment affirmed.*