JOHN SMITH *et ux.*

*v.*

WISE, STIGLEMAN & Co.

58  141
40a 402

1. PRACTICE—*jury taking papers introduced in evidence, with them on their retirement.* A paper introduced in evidence on the trial of a cause, purporting to be the admission or statement of what the plaintiff would have testified if before the jury, was held to be equivalent to the deposition of such party, and could not properly be taken by the jury in their retirement.

2. SAME—*time of making the objection.* Where it appeared the attorney in a cause, who made an affidavit of the fact that a paper given in evidence was improperly taken by the jury on their retirement, was present, and knew the fact at the time, it was *held,* he should then have brought the subject to the attention of the court by objecting; it was too late to urge the objection for the first time, on error.

3. LANDLORD AND TENANT—*eviction of the latter by the former, from a part of the premises.* The principle upon which a tenant is required to pay rent, is the beneficial enjoyment of the premises, unmolested by the landlord.

4. So if the landlord shall take possession of any part of the demised premises without the consent of the tenant, that will constitute, in law, an eviction of the tenant, which will operate to release him from any further liability to pay rent, even for such portion of the premises of which he may still continue in the undisturbed occupancy.

WRIT OF ERROR to the Alton City Court; the Hon. HENRY S. BAKER, Judge, presiding.

Mr. WILLIAM S. FIELD, for the plaintiffs in error.

Mr. CHARLES P. WISE, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

There were three actions brought by the same plaintiffs, against the same defendants, really, for they claimed in the same right, before a justice of the peace, in the city of Alton, for the monthly rent of certain premises, in that city, in which judgments were rendered for the plaintiffs. On appeal to the City Court by the defendants, on their motion, and by consent of plaintiffs' attorney, the causes were consolidated and tried

by a jury. The verdict was for the defendants, and judgment accordingly. To reverse this judgment, plaintiffs prosecute a writ of error, and make several points. The first is, as the jury were about to retire, the attorney for the defendants handed to one of the jury a paper, introduced as evidence in the cause, purporting to be the admission or statement of what Mrs. Smith, one of the plaintiffs, would testify if before the jury, and that the paper was taken by the jury and was before them in their deliberations.

This paper was equivalent to the deposition of Mrs. Smith, and could not properly be taken by the jury in their retirement. *Rawson* v. *Curtiss*, 19 Ill. 456. It is not such a paper as when read to the jury, may be, under section 30 of the practice act, taken by them in their retirement. But the objection made comes too late. The affidavit of these facts appears to have been made by the plaintiffs' attorney, and he must have known the fact at the time, as an eye witness; knowing it, he should then have brought it to the notice of the court by objecting. Not having so done, it is now too late to urge the objection.

Plaintiffs in error complain of the refusal of the court to give the instructions which they had framed, but gave, in lieu thereof, instructions framed by the court. Those instructions embrace the law of the plaintiffs' case, and were all they were entitled to have. It is further complained that the court gave the instructions asked by the defendants.

The defense to the action was, that before the expiration of the term for which the premises were leased, the plaintiffs had, without the consent of the defendants, taken possession of a large part of them, thereby virtually evicting them. The evidence tends to establish this fact, and the instructions were as follows:

*First.* The rule of law is, that what one does by an agent is the same as if done by himself, and if the jury believe, from the evidence in this suit, that John H. Smith was the agent of his wife, Elizabeth Smith, then whatever said John

H. Smith may have done within the scope of his agency, as her agent, was the same as if done by herself.

*Second.* The principle upon which a tenant is required to pay rent, is the beneficial enjoyment of the premises, unmolested in any way by the landlord; and if the jury believe, from the evidence in this suit, that the plaintiff took possession of any part of the premises leased by her to the defendants, against their consent, then in law it is an eviction, and releases the defendants from the payment of any more rent, and they will find for the defendants.

*Third.* Forcible expulsion is not necessary to cause an eviction; any act done in violation of the rights of the tenant, without his consent, will amount to an eviction. If the jury believe, in this case, that the plaintiff, after making this lease, without the consent of the defendants, took possession of a part of said demised premises, then, in law, it is an eviction, and they will find for the defendants.

*Fourth.* It is an eviction to take from the tenant some part of the demised premises of which he was in possession; if the jury, in this case, believe, from the evidence, that the plaintiff, without the consent of the defendants, took possession of any material part of the demised premises, then the defendants are released from the payment of all rent, and the jury will find for the defendants.

*Fifth.* If the jury believe, from the evidence in this case, that the premises leased by the plaintiff to the defendants, or a part of the same, were enclosed by a fence, and had on the same a brick building, and that the plaintiff took possession of said building and used it as a stable, and took possession of the yard and used it as a cattle yard, without the consent of the defendants, then, in law, it is an eviction, and releases the defendants from the payment of any more rent, and they will find for the defendants.

*Sixth.* If the jury believe, from the evidence in this suit, that the plaintiff, after leasing the premises to the defendants, leased a part of said premises to one Henry Watson, who has

taken possession of the same, and built a railroad over the same, then, in law, this is an eviction, and releases the defendants from the payment of all rent, and the jury will find for defendants.

*Seventh.* Although the jury may believe, from the evidence, that the defendants have never been disturbed in, or evicted from, the main building on the leased premises, and that they have had the use and enjoyment of the same, still if they further believe, from the evidence, that the plaintiff has taken possession of any material part of said demised premises, without the consent of the defendants, then the law is, it is an eviction, and the defendants are not bound to pay any rent for the part of the said premises they used and occupied, and the jury will find for the defendants.

*Eighth.* If the jury believe, from the evidence, that Mrs. Elizabeth Smith gave to John H. Smith, her husband, verbal authority, sufficient for him to take possession of the property in controversy, for her, and that he did take possession under the authority so given, of any part of said leased premises, then the jury will find for the defendants, as by law the power and authority given to Smith need not be under seal—verbal authority is sufficient.

These instructions, we think, are substantially in harmony with the decisions of this and other common law courts, on the points made. *Wade* v. *Halligan,* 16 Ill. 512 ; *Halligan* v. *Wade,* 21 Ill. 480 ; *Anderson et al.* v. *Chicago Marine and Fire Ins. Co.* ib. 602; *Price* v. *Pitts. Ft. Wayne & Chicago R. R. Co.* 34 ib. 37; *Bentley* v. *Sill,* 35 ib. 414; *Wright* v. *Lattin,* 38 ib. 293.

An objection is made, that a certain deed to Mr. Smith, for a portion of the premises, was excluded from the jury. It is a sufficient answer to this, to say, the title was not in controversy, and of course the deed was irrelevant.

We are of opinion the evidence sustains the verdict, and the instructions were right.

The judgment must be affirmed.            *Judgment affirmed.*