## FRANK W. ELWOOD, APPELLANT, *v.* CHRISTOPHER W. FORKEL, RESPONDENT.

*Lease — a holding over operates to renew it with all its terms `and covenants — when damages for breach of a lessor's covenant may be set up in an action by him for rent.*

The plaintiff leased certain rooms in a building owned by him to the defendant to be used as a studio, the lease containing a covenant on the part of the plaintiff that he would heat the demised premises by means of a steam-heating apparatus in the building. The defendant continued to occupy the rooms after the expiration of the term. In this action, brought to recover three months' rent, he set up as a counter-claim a claim for damages sustained by reason of the failure of the plaintiff to properly heat the building. Upon the trial evidence offered by him to show that the plaintiff had failed to heat the rooms, and that the plaintiff on being notified of the fact promised to improve the heating apparatus if the defendant would continue to occupy the rooms, was rejected.

*Held,* that this was error.

That the holding over of the tenant impliedly renewed the old lease with all its terms and covenants.

That as the damages sought to be recovered were occasioned by a breach of a covenant contained in the lease they might be set up as a counter-claim in an action to recover the rent.

APPEAL from a judgment of the Monroe County Court, reversing a judgment of the Municipal Court of the city of Rochester, in favor of the plaintiff, for forty-eight dollars and five cents.

*Joseph S. Hunn,* for the appellant.

*Fanning & Williams,* for the respondent.

LEWIS, J. :

The appellant leased, by a written lease to respondent, a room in appellant's building in the city of Rochester, for the term of four-

teen months, from February 1, 1880, at the annual rental of $150, the premises to be used as an artist's studio. The lease contains a covenant that the landlord will heat the demised premises by means of the steam heating apparatus in the building. The respondent entered and continued in possession of the room, holding over after the end of the term mentioned in the lease. The action was for the rent due for the months of March, April and May, 1881, during which time the respondent occupied the premises. The rent for these months was not paid. Defendant, in his answer, claimed $200 damages as a counter-claim, for breach of the covenant to heat the room. He offered on the trial to prove that during the time he occupied the room under the lease, the building was insufficiently heated, so as to render it at times uncomfortable, and so that he could not work at his profession; and, upon complaint being made to the landlord, he promised at divers times to improve the heating if defendant would continue in occupation. The evidence thus offered was excluded. The tenant holding over, there was an implied renewal of the lease upon the same terms contained in the lease. (*Schuyler* v. *Smith*, 51 *N. Y.*, 309; *Laughran* v. *Smith*, 75 id., 210.) The damages sought to be proved having arisen from a breach of one of the covenants of the contract, upon which the action was founded, were a legitimate counter-claim. (*Myers* v. *Burns*, 35 N. Y., 269; *Cook* v. *Soule*, 56 id., 420.) The case of *Edgerton* v. *Page*, 20 N. Y., 281, relied upon by appellant's counsel, is not an authority against this doctrine. In that case the acts of the landlord complained of were wrongful, a trespass, and hence could not form the subject of a counter-claim in an action for the rent. The fact that respondent occupied the premises during the time the rent accrued, did not prevent his claiming damages for the breach of the covenant to heat the premises, especially as the offer was to prove that the landlord promised, from time to time, to remedy the defect. (*Myers* v. *Burns*, 35 N. Y., 269; *Cook* v. *Soule*, 56 id., 420; *Rogers* v. *Ostrom*, 35 Barb., 523; *Walker* v. *Shoemaker*, 4 Hun, 579.)

Judgment of the County Court should be affirmed, with costs.

BRADLEY and HAIGHT, JJ., concurred; BARKER, J., not voting.

Judgment of the County Court affirmed, with costs.