JOHN PRIDGEON v. THE EXCELSIOR BOAT CLUB.

*Landlord and tenant—Eviction—Suspension of rent.*

A tenant should be held evicted when the act of the landlord is of
    such a character as to deprive the tenant, or has the effect of
    depriving him, of the *beneficial* use and enjoyment of the whole
    or any part of the leased property, to the extent he is thus
    deprived; and in such a case the rent is suspended during the
    time of such disturbance.

Error to Wayne. (Jennison, J.)    Argued April 29, 1887.
Decided June 16, 1887.

Assumpsit.    Defendant brings error.    Reversed.    The
facts are stated in the opinion.

*Charles Flowers,* for appellant.

*H. C. Wisner,* for plaintiff.

SHERWOOD, J.    The plaintiff sued the defendant for the use
of a water lot on the Detroit river, claiming four months' rent
due him on the lease under which the defendant occupied,
ending December 31, 1885.    The rental was the sum of $25
per month.    By the terms of the lease the lot extended to
the channel bank of the river, and included "all and singu-
lar the benefits, liberties, and privileges to the said premises
belonging."    The defense was eviction during the last month
of the term for which rent was claimed to be due.    The
plaintiff obtained judgment before the justice, where the suit
was commenced, and on appeal a like result was obtained,
and the defendant brings error.

The facts which the defendant claims amount to an evic-
tion are substantially as follows:    That the premises were
rented by lease to be used for a boat-house; that the only

method of going to and from the river was from the front of the slip; that the latter part of November, 1885, the plaintiff caused his propeller to be moored at the docks on either side of the slip, and in front of defendant's premises, completely shutting off ingress and egress to the same, thereby depriving the defendant of the particular and only use for which the premises were rented; that the defendant requested the plaintiff to remove the propeller that they might have access to their property, but the plaintiff neglected so to do; and that the defendant had not any beneficial enjoyment of the property during the time the blockade by the propeller continued. It is claimed by counsel for the defendant that these facts constitute such an eviction as will suspend the right to payment of rent during their continuance; and this is the only question made in the case.

We think counsel is correct in this position. If the facts stated are true, the action of the plaintiff in the premises was a substantial eviction of the defendant from a part, if not the whole, of the rented lot. The subject cannot be discussed except in connection with the object and purpose for which the lot was rented and occupied. The disturbance of the lessee's beneficial enjoyment of the water front of the premises amounts to an eviction, actual, if any exists, and not constructive. The right to enter upon the land leased was of no interest or benefit to the defendant, only as it furnished a water front upon which the club could store its boats, and launch and land the same unobstructed.

In a case like the present the technical rule which requires the element either of absolute expulsion from the property by the landlord, or abandonment by the tenant, to be included in the act of eviction, does not and ought not to be applied. A party should be held evicted when the act of the landlord is of such a character as to deprive the tenant, or has the effect of depriving him, of the beneficial use and enjoyment of the whole or any part of the demised property, to the

extent he is thus deprived. *Upton v. Townend*, 17 C. B. 30; *Peck v. Hiler*, 24 Barb. 178; *Briggs v. Hall*, 4 Leigh, 484; *Dobbins v. Duquid*, 65 Ill. 464; *Lynch v. Baldwin*, 69 Id. 210; *Royce v. Gvggenheim*, 106 Mass. 201; *Bentley v. Sill*, 35 Ill. 414; *Rogers v. Ostrom*, 35 Barb. 523; *Dyett v. Pendleton*, 8 Cow. 727; *Crommelin v. Thiess*, 31 Ala. 412; *Randall v. Alburtis*, 1 Hilt. 283; *Lawrence v. French*, 25 Wend. 443; *Jackson v. Eddy*, 12 Mo. 209; *Shumway v. Collins*, 6 Gray, 232; *Christopher v. Austin*, 11 N. Y. 216.

And in such case, when the eviction is by the landlord, the rent is suspended during the time of such disturbance. Wood, Landl. & Ten. § 481, p. 793; Tayl. Landl. & Ten. §§ 378, 379;¹ *Vaughan v. Blanchard*, 4 Dall. (Penn.) 125; *Neale v. Mackenzie*, 2 Cromp., M. & R. 84; *Blair v. Claxton*, 18 N. Y. 529; *Griffith v. Hodges*, 1 Car. & P. 419; *Hoeveler v. Fleming*, 91 Penn. St. 322; *Leishman v. White*, 1 Allen, 489; *Hayner v. Smith*, 63 Ill. 430.

The defense claimed in this case is not that the plaintiff did acts tending to diminish the enjoyment of the leased rights and property, but that what he did deprived the defendant of them altogether, and which, it would seem from the record, was substantially done. We think the judgment should be reversed, and a new trial granted.

CHAMPLIN and MORSE, JJ., concurred.

CAMPBELL, C. J., did not sit.