MILES MORRIS v. MARGARET KETTLE.

1. Eviction of a tenant by his landlord from part of the premises demised will effect a suspension of the whole rent during the continuance of the eviction. During that period the landlord cannot sue or distrain for the rent reserved or any part of it; nor can he recover for use and occupation although the tenant has remained in possession of the residue of the premises demised.

2. In an action of covenant, an eviction cannot be set up unless specially pleaded; but the defence having been admitted without objection, the infirmity in the pleading will be overlooked.

On rule to show cause. Certified from the Circuit.

Argued at June Term, 1894, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the plaintiff, *Van Winkle & Klink.*

For the defendant, *Fagen & Murphy.*

The opinion of the court was delivered by

DEPUE, J. This action was in contract upon a covenant contained in a lease for the recovery of rent for thirteen months. By a lease in writing and under seal, dated February, 1891, the plaintiff demised to the defendant certain premises for the term of five years from February 1st, 1891. It was admitted that the rent from September 1st, 1892, to October 1st, 1893, had not been paid. The defence was that the defendant had been evicted by the plaintiff from a part of the demised premises before any of the unpaid rent became due. In debt for rent under the plea of *nil debit,* the defend-

ant may show an eviction ; but in an action of covenant an eviction cannot be set up unless specially pleaded, for the reason that, in the action of covenant, there is no general issue. 1 *Saund.* 204, *note 2 ; Lewis* v. *Payne,* 4 *Wend.* 427. But the defence having been admitted without objection, the infirmity in the defendant's pleading will be overlooked.

The defendant continued to pay the monthly payments of rent for seven months after the act of eviction complained of, and remained in possession of the remainder of the premises. The trial judge instructed the jury that when a tenant is evicted from part of the premises by his landlord, he is discharged from the payment of rent for the residue of the term, if he chooses to quit the premises ; but that, if he remain in possession during the term of his lease, he is taken to have consented and acquiesced in the eviction, and is bound to pay the rent as fixed by the lease, because he is, in that event, in possession under no other agreement. And the question was left to the jury whether the defendant, by continuing in possession after the eviction complained of and paying rent, did not acquiesce in the eviction and waive his rights. This view of the legal effect of an eviction by the landlord is erroneous. If the tenant be evicted from part of the premises by a stranger, in virtue of a title paramount to that of the landlord, the rent will be apportioned. *Doe* v. *Meyler,* 2 *Man. & Sel.* 276. But if such eviction be by the landlord, there will be a total suspension of the rent during the continuance of the eviction, "for the lessor cannot so apportion his own wrong as to enforce the lessee to pay anything for the residue." 2 *Platt Leas.* 127. The reason given by Chief Baron Gilbert for this rule of the common law is "that no man be encouraged to injure or disturb his tenant in his possession," and, he adds, "that such disseizin or tortious entry suspends the whole rent, and the lessee or tenant is discharged from the payment of any part of it till he be restored to the whole possession." *Gilb. Rents* 173. This rule of the common law is inflexible. For rent which, by the terms of the demise, would accrue during the continuance of

the eviction, the landlord can neither sue nor can he distrain for the rent reserved or any part of it; nor can he recover for use and occupation, although in either case the tenant has continued in possession of the remaining part of the premises demised. *Neale* v. *McKenzie*, 1 *Mees. & W.* 747; *Upton* v. *Townend*, 17 *C. B.* 29; *Lewis* v. *Paine*, 4 *Wend.* 423; *Leishman* v. *White*, 1 *Allen* 489; *Colburn* v. *Morrill*, 117 *Mass.* 262; *Christopher* v. *Austin*, 1 *Kernan* 216; *Smith* v. *Wise & Co.*, 58 *Ill.* 141; *Haynes* v. *Smith*, 63 *Id.* 430; 7 *Am. & Eng. Encycl. L.* 41, *tit.* "*Eviction*," and cases cited. The common law rule that, upon an eviction by the landlord from part of the premises, the entire rent and all remedy for its collection will be suspended during the continuance of the eviction, was expressly recognized by this court in *Hunter* v. *Reiley*, 14 *Vroom* 480, 482. Such an act of disseizin on the part of the landlord does not avoid the lease; it operates only to relieve the tenant from the payment of rent. *Morrison* v. *Chadwick*, 7 *C. B.* 266, 283. The tenant may continue in possession of the remainder of the premises, and his possession will not be construed as consent to the eviction, nor will the subsequent payment of rent, according to the terms of the lease as a voluntary act, operate as a waiver. Nothing but a new contract by the tenant to pay rent, in substitution for the original lease, will renew his obligation to pay.

The gist of this case consists in the inquiry whether, in fact, there was an eviction from part of the premises demised. The facts are these: The plaintiff owned lot No. 264 Johnston avenue, and a lot on the west side of that lot twenty feet wide, and also a strip of land fifteen feet by fifteen feet lying on the east side of No. 264. In the spring of 1892 the plaintiff took possession of the strip on the east side and built a house upon it, which she leased to a third person, in whose occupation the house and strip of land have been ever since the building was completed. This act of the plaintiff was, in a legal sense, an eviction (*Upton* v. *Townend*, 17 *C. B.* 30, 64), if, in fact, this strip of land was included in the premises demised to the defendant.

The description of the premises demised, as contained in the lease, is as follows : " The house and premises lying and situate in the city of Jersey City, in the county of Hudson and State of New Jersey, known and designated as No. 264 Johnston avenue, and all the *buildings, outhouses and premises of said place,* with the appurtenances." Lot No. 264 had one building upon it, which covered the whole lot, front and rear. It had no outhouses or other buildings on it. The outhouses and erections used in connection with No. 264 were on this lot, on the west side. By construction, the words "buildings, outhouses and premises of said place" would embrace the lot on the west side. Such a construction is necessary to give effect to the description of the property demised as contained in the lease. But there is nothing in the circumstances or condition of the strip on the east that would make the description in the lease apply to that strip. It was a small strip of land, vacant and unenclosed, having on it no buildings or outhouses.

In order to extend the terms of the lease to this strip, parol evidence was put in by the defendant that when the bargain was made for the lease the agreement was that he should have all the property the plaintiff owned there. This evidence was incompetent. Oral testimony of what was said or done during the negotiations, will not be admitted either to contradict, vary, add to or subtract from the terms of a written instrument. 2 *Tayl. Ev.,* § 1132; *Naumburg* v. *Young,* 15 *Vroom* 331. The evidence was admitted without objection, and it was left to the jury to determine, as a question of fact, whether the strip on the east was included in the lease.

The construction of the lease, under the circumstances of this case, was for the court and not for the jury, and the evidence received and which was regarded as converting the issue into a question for the jury, was incompetent. There should be a new trial, that the defendant may have opportunity to have the competency of such evidence raised upon the record.

The Circuit is advised accordingly.