## KUSCHINSKY *v.* FLANIGAN.

1. LANDLORD AND TENANT—RENT—DEFENSES—EVICTION.
   The eviction of a tenant from a part of demised premises, either by the landlord or by title paramount, bars the landlord's rights to any of the rent.

2. SAME—PARTIAL DISPOSSESSION.
   To leave rubbish on the tenant's premises and to construct a stairway outside a barn on the leased premises and to permit the public to pass over the leased land, to gain access to an apartment above, operated as such eviction.

3. SAME—WAIVER.
    Payment of rent for a number of months thereafter and reten-
    tion of possession did not waive the tenant's right to defend
    against an action for rent.

4. SAME—LEASE—DESCRIPTION.
    Under a lease describing the premises as "dwelling house No.
    471, located on the west side of Lincoln avenue," the tenant
    acquired a right to so much of the lot as was necessary to the
    complete enjoyment of the building as a dwelling, including
    all the lot not occupied by a barn that opened on adjacent
    premises.

5. SAME—WAIVER OF TENANT'S RIGHT.
    Plaintiff's claim, supported by testimony, that defendant ex-
    pressly waived his rights and assented to plaintiff's action;
    also that defendant impliedly waived them by doing plumb-
    ing in the barn, defendant disputing the claim, should have
    been submitted to the jury under proper instructions.

Error to Wayne; Donovan, J. Submitted June 27,
1911. (Docket No. 81.) Decided May 31, 1912.

Assumpsit by Casper Kuschinsky against Richard
Flanigan for rent due under a lease in writing. Judgment
for defendant. Plaintiff brings error. Reversed.

*Friedman, Smilansky & Blumrosen,* for appellant.

*Thomas L. Dalton,* for appellee.

BIRD, J. The plaintiff sued defendant in justice's
court to recover a balance due on the lease of a dwelling,
No. 471 Lincoln avenue, in the city of Detroit. The
lease was in writing, and was to run for 21 months and 6
days, at $25 per month. The defendant vacated the prem-
ises a month and a half before the lease expired, and ten-
dered a half month's rent then due; but the plaintiff re-
fused to accept it, and sued to recover two months' rent.
Judgment passed for defendant in both the justice's and
circuit courts. The defendant resisted payment of the
rent, on the ground that his lease had been broken by the
plaintiff by a partial eviction. It appears that plaintiff

was the owner of the adjoining premises, No. 469 Lincoln avenue, and across the rear of both lots stood a barn, the second story of which plaintiff began to remodel into a living apartment soon after defendant took possession. The defendant is a plumber, and occupied the lower floor of the barn as a shop. An outside stairway was constructed to permit access to the apartment; and the tenants of the apartment were permitted by plaintiff to pass to the street over defendant's lot. As a result of the remodeling, defendant's back yard was filled with building materials and rubbish. The defendant claims that by reason of these acts he was deprived of the use and enjoyment of a portion of the premises, and to such extent he was evicted. While the plaintiff does not deny the grounds upon which defandant rests his claim for partial eviction, he seeks to avoid the effect of them by claiming that the defendant has waived his right to insist upon them by remaining in the occupancy of the premises and paying the rent therefor for eight months after they occurred.

We are of the opinion that plaintiff invaded defendant's rights under the lease when he constructed the outside stairway and permitted the tenants of the rear apartment to pass over his lot to and from the street, and by filling his back yard with building materials and rubbish. By so doing, he deprived defendant of the beneficial use and enjoyment of a portion of the premises which he had leased. 11 Am. & Eng. Enc. Law (2d Ed.), p. 471.

The rule of law applicable to an action to recover rent, where partial eviction has taken place, is stated as follows:

" The rule established by the great weight of authority is that an eviction of the tenant by the landlord from a part only of the demised premises works a suspension of the entire rent, though the tenant remains in possession of the balance of the premises demised. The rent in such a case will not be apportioned with regard to the value of the portion from which the tenant was evicted; nor can the landlord recover for the use and occupation of the

portion of which the tenant retains possession." 18 Am. & Eng. Enc. Law (2d Ed.), p. 298, and cases cited; *Pridgeon* v. *Boat Club*, 66 Mich. 326 (33 N. W. 502).

The rule is tersely stated in *Royce* v. *Guggenheim*, 106 Mass. 201 (8 Am. Rep. 322), by Mr. Justice Gray, where a similar case was considered:

"The eviction of a tenant from the demised premises, either by the landlord or by title paramount, is a bar to any demand for rent, because it deprives him of the whole consideration for which rent was to be paid. Gilbert on Rents, 145; *Morse* v. *Goddard*, 13 Metc. 177 [46 Am. Dec. 728]. And his eviction by the landlord from part of the premises suspends the entire rent, because the landlord 'shall not so apportion his own wrong as to enforce the lessee to pay anything for the residue.' Hale, C. J., in *Hodgkins* v. *Robson*, 1 Ventr. 276, 277; *Page* v. *Parr*, Style, 432; *Shumway* v. *Collins*, 6 Gray, 227; *Leishman* v. *White*, 1 Allen, 489."

And it is said in *Morris* v. *Kettle*, 57 N. J. Law, 218 (30 Atl. 879), that:

"The tenant may continue in possession of the remainder of the premises, and his possession will not be construed as consent to the eviction; nor will the subsequent payment of rent, according to the terms of the lease as a voluntary act, operate as a waiver. Nothing but a new contract by the tenant to pay rent, in substitution for the original lease, will renew his obligation to pay."

Applying these rules of law to the admitted facts in this case, it at once becomes apparent that the defendant did not waive his right to insist upon a partial eviction by remaining in possession of the remainder of the premises and paying rent therefor for several months after the acts complained of were committed.

There was, however, another question of waiver, which should have been submitted to the jury. It was the claim of plaintiff that the defendant expressly consented to the construction of the stairs and the remodeling of the barn; and, further, that defendant impliedly gave his consent by doing the plumbing for plaintiff in the apartment.

The defendant denied that he expressly gave his consent, and explained at some length why he did the plumbing. The trial court failed to submit this question with proper instructions; in fact, he made no reference to the questions of waiver in his charge. We think his failure to do so was error.

It is also argued by plaintiff that, by the terms of the lease, the defendant was not entitled to the use of the back yard; that only the house and the land upon which it was situate passed with the lease, and therefore the acts complained of were no invasion of defendant's rights. The lease described the property as the "dwelling house No. 471, located on the west side of Lincoln avenue." It was a leasing by the street number, and it—

"Included so much of the lot upon which the building was situate as was necessary to the complete enjoyment of the building for the purpose for which it was let, and nothing more." 24 Cyc. p. 1044.

The testimony shows that the lot has a frontage of 30 feet, and the back yard is 30x40 feet, and that the barn has no opening into the back yard. In view of these facts and the further one that the building was leased to be used for a dwelling, we think the lease carried with it all of the lot which was not occupied by the barn.

Many assignments of error are based upon the charge of the court. The charge, as it appears in the record, is so meager that it was not very helpful to the jury. The court neither stated to them the questions of fact, which were for their consideration, nor the rules of law applicable thereto; and his charge as a whole fell so far short of his statutory duty that we feel the case must be reversed and a new trial ordered.

MOORE, C. J., and MCALVAY, STONE, and OSTRANDER, JJ., concurred.