RAVET *v.* GARELICK.

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—NONPAYMENT
   OF RENT—PARTIAL EVICTION A DEFENSE.

   In summary proceedings by a landlord for the recovery of
   possession of leased premises, where the ground alleged
   was the failure of defendants to pay rent, the trial court
   was in error in refusing to allow defendants to show
   partial eviction as the reason for their refusal to pay
   rent.

2. SAME — TENANT PARTIALLY EVICTED MAY REMAIN WITHOUT
   PAYING RENT.

   A tenant who has been partially evicted may remain in
   possession during the remainder of his term without pay-
   ing rent.

Error to Wayne; Gillespie (Glenn C.), J., presid-
ing.   Submitted October 24, 1922.   (Docket No. 31.)
Decided December 5, 1922.

Summary proceedings by Lottie Ravet against
Philip Garelick and another for the possession of
leased premises.   There was judgment for plaintiff
before the commissioner, and defendants appealed to
the circuit court.   Judgment for plaintiff.   Defend-
ants bring error.   Reversed.

*Beckenstein & Wienner,* for appellants.

*Dreifuss & Dreifuss* (*William Henry Gallagher,* of
counsel), for appellee.

BIRD, J.   Plaintiff owned certain premises on War-
ren avenue in the city of Detroit.   On October 6,
1920, she gave one Earl W. Hannan a lease of the same
for five years.   Later Hannan assigned the lease to

As to effect of partial eviction upon liability for rent, see
notes in 17 L. R. A. 275; 41 L. R. A. (N. S.) 430.

defendants.    In December, 1921, plaintiff brought summary proceedings to oust defendants for nonpayment of rent.    The premises were described, as follows:

"The said party of the first part, in consideration of the rents and covenants herein specified, does hereby let and lease to the said party of the second part, the following described premises, situated and being in the city of Detroit, county of Wayne and State of Michigan, to-wit: Store and flat above and garage in rear of said store, said store being now used as a hardware, tinning, automobile accessories, place of business, and the upstairs as a residence, and a small garage in rear of said store for storing a car, known as 1364 Warren avenue, west, for the term of five years from and after the 6th day of October, 1920, on terms and conditions" etc.

Plaintiff had judgment of restitution in the commissioner's court and, on appeal in the circuit court, the judgment was affirmed.    The jury, under direction of the court, determined the amount of rent due at $1,000.

The principal defense interposed was that defendants had been partially evicted from the demised premises by plaintiff and, therefore, no suit could be maintained for possession of the premises on account of nonpayment of rent.    The trial court was of the opinion that that defense could not be made in a summary proceedings case.    In view of this, defendants offered to show the partial eviction by the landlord in removing the garage from the demised premises and appropriating a portion of his lot to erect thereon a heating plant for a garage on the adjoining lot.

Counsel assigns error because he was not permitted to show the details of the partial eviction.    We are impressed that the trial court was in error in rejecting the testimony.    In an action to recover rent we have held that a partial eviction by the landlord was a defense.    *Kuschinsky* v. *Flanigan,* 170 Mich.

245 (41 L. R. A. [N. S.] 430, Ann. Cas. 1914A, 1228). If the tenant's lease has expired and summary proceedings are instituted to regain possession, the defense of partial eviction would probably not be a defense. But where the lease is still in force when the proceedings are instituted and the ground assigned for ouster is the failure of the plaintiff to pay rent, then the defense is admissible. Unless the tenant could make the defense at this time his remedy would be of no avail. We think the rule is general that if the tenant is partially evicted he may remain in possession during the remainder of his term. The law will not aid the landlord in collecting the rent reserved where a partial eviction has taken place, because neither party to the lease can apportion the rent. 11 Am. & Eng. Enc. Law (2d Ed.), p. 471; *Royce* v. *Guggenheimer,* 106 Mass. 201 (8 Am. Rep. 322); *Morris* v. *Kettle,* 57 N. J. Law, 218 (30 Atl. 879); *Pridgeon* v. *Boat Club,* 66 Mich. 326.

In the case of *Royce* v. *Guggenheimer, supra,* it was said:

"The eviction of a tenant from the demised premises, either by the landlord or by title paramount, is a bar to any demand for rent, because it deprives him of the whole consideration for which rent was to be paid. Gilbert on Rents, p. 145; *Morse* v. *Goddard,* 13 Metc. (Mass.) 177 (46 Am. Dec. 728). And his eviction by the landlord from part of the premises suspends the entire rent, because the landlord 'shall not so apportion his own wrong as to enforce the lessee to pay anything for the residue.' Hale, C. J., in *Hodgkins* v. *Robson,* 1 Ventr. 276, 277; *Page* v. *Parr,* Style, 432; *Shumway* v. *Collins,* 6 Gray (Mass.), 227; *Leishman* v. *White,* 1 Allen (Mass.), 489."

In *Morris* v. *Kettle, supra,* it was observed:

"The tenant may continue in possession of the remainder of the term, and his possession will not be construed as consent to the eviction; nor will the subsequent payment of rent according to the terms of the

lease as a voluntary act operate as a waiver. Nothing but a new contract by the tenant to pay rent, in substitution for the original lease, will renew his obligation to pay."

The Michigan case of *Pridgeon* v. *Boat Club, supra,* is in accord with these holdings.

There are other questions discussed but we do not deem them important; they were mostly questions of fact which were within the province of the jury.

The judgment is reversed and a new trial ordered. Defendants will recover their costs in this court.

FELLOWS, C. J., and WIEST, McDONALD, CLARK, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.