## Morcelia Building Corporation, Appellee, v. Walter Larson, Appellant.

### Gen. No. 43,745.

Opinion filed October 14, 1946. Released for
publication October 28, 1946.

Isaac M. Mills, of Chicago, for appellant.

Martin S. Gordon, of Chicago, for appellee; Harry
Shriman, of Chicago, of counsel.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

Plaintiff brought an action of forcible detainer against defendant to recover possession of "Apt. 339, 4047 N. Kenmore Ave." The basis of plaintiff's suit

was that defendant had refused to pay the rent due November 1, 1945, for that month. The case was heard before the court, the parties stipulating the facts; there was a judgment for possession in plaintiff's favor. Defendant appeals.

The record discloses that plaintiff rented defendant an apartment in an apartment building. The apartment was leased on a month to month tenancy and plaintiff was required to maintain the apartment, furnishing ''all of the necessary carpets, linens, beddings, etc., and maid service as is usual and customary in furnished apartment buildings.'' It was stipulated that proper notices had been given to the parties in accordance with the regulations of the Office of Price Administration. That about October 16, 1945, a fire occurred in the apartment, caused considerable damage and ''rendered the apartment untenantable.'' The case was commenced on November 17, 1945 and went to trial January 30, 1946. From the time of the fire up to and including the date of the hearing ''no repairs were made to the apartment, as a result of which the defendant during the month of October, 1945, vacated the apartment with the exception'' of some of his clothes which were left in one of the closets of the apartment and were there when the action was brought. ''The defendant refused to pay rent for the month of November'' contending that no rent was due because the apartment was untenantable and was unoccupied.

A great many authorities are cited and discussed by counsel for both parties but we think it would serve no useful purpose to discuss or refer to any but a few of them because the facts in a number of the authorities cited are so different that the law there announced by the courts would be inapplicable to the facts in the case before us.

In *Bentley v. Sill,* 35 Ill. 414, where the premises were rendered unfit for the purpose for which they

were rented by the act of an adjoining property owner and the landlord did nothing to remedy the matter, the landlord brought suit for two months' rent, the court held defendant was not liable and said: "We are satisfied it was the plaintiff's duty, when Scammon raised his building, to meet the exigency and protect his tenant. The first fault was his, in not doing so; and he ought not to be permitted to recover rent for the months claimed. This disturbance by Mr. Scammon was equivalent to an eviction, and suspended, to that extent, the payment of the rent." And in *Hayner v. Smith*, 63 Ill. 430, it was held that where a lessee is wrongfully evicted by the lessor from a portion of the demised premises he was thereby excused from the payment of rent although he remained in possession of the remaining portion of the premises.

In the instant case plaintiff did not evict defendant from the apartment but plaintiff's refusal to repair the damages caused by the fire kept defendant from occupying it. And we think that the fact that he left some clothes in one of the closets ought not to make any difference. There is no contention that the closet was so damaged by the fire that it could not be used but the rest of the apartment was. In *The Automobile Supply Co. v. Scene-in-Action Corp.*, 340 Ill. 196, it was held that "The failure of a landlord to furnish heat for the demised premises in accordance with the terms of his covenant in the lease justifies the tenant in removing from the premises, and if he does so he is discharged from the payment of rent thereafter." To the same effect is *Carlson v. Levinson*, 228 Ill. App. 104.

Since the apartment was rendered untenantable by the fire and since plaintiff did nothing to repair the damage so that the tenant might occupy it, we think defendant ought not to be required to pay rent for the month of November, which was the basis of plaintiff's action.

408

The judgment of the Municipal court of Chicago is reversed and the cause remanded with directions to dismiss the suit.

*Reversed and remanded with directions.*

NIEMEYER and FEINBERG, JJ., concur.