McVEIGH *v.* McALPINE.

1. Landlord and Tenant—Partial Eviction—Possession for Remainder of Term.

A tenant may remain in possession of premises during the remainder of his term if he has been partially evicted.

2. Same—Tenant's Right to Possession after Partial Eviction.

The extent of a partially-evicted tenant's right to total possession is the end of the rent month ensuing that during which he, as a tenant at will on a month-to-month basis, would have been entitled to possession of the whole premises before notice to quit could become operative as that constitutes all of the remainder of his term.

3. Same—Partial Eviction—Defaults During New Period of Tenancy.

The defense of partial eviction is not open to a tenant in summary proceedings after the expiration of his term because of defaults occurring during new term resulting when he stayed on and occupied the remainder of the premises as a tenant at will from month to month.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted October 10, 1952. (Docket No. 47, Calendar No. 45,547.)  Decided January 5, 1953.

Summary proceedings by Patricia McVeigh, administratrix of the estate of Catherine Reber, deceased, against James McAlpine to recover possession of an apartment for nonpayment of rent. Judgment for plaintiff on appeal in circuit court. Defendant appeals.  Affirmed.

---

References for Points in Headnotes

[1–3] Rights and remedies of tenant who remains in possession of all or part of the premises against landlord for interfering with his possession or enjoyment.  20 ALR 1369, 1372; 28 ALR 1333, 1334.

*Edward H. Kennedy, Jr.,* for plaintiff.

*John G. Cross,* for defendant.

DETHMERS, C. J.   Plaintiff brought summary pro-
ceedings to recover possession of an apartment for
nonpayment of rent.   From judgment of the circuit
court commissioner for plaintiff, granting a writ of
restitution, defendant appealed to the circuit court
and from a like judgment there has appealed here.

Defendant complains that the trial court erred in
denying him the privilege of showing, and in failing
to consider, in defense to the charge of nonpayment
of rent, that he had suffered a partial eviction at the
hands of plaintiff.   The proofs show that defendant's
wife went into possession of the apartment under a
6-months' lease, that she left defendant and the apart-
ment and that he then took over possession; that for
more than 2 years after expiration of the lease de-
fendant stayed on as a tenant at will from month to
month, paying the same rental as previously had been
provided in the lease; that the claimed partial evic-
tion occurred a number of months prior to service
by plaintiff upon defendant of notice to quit and sub-
sequent commencement of these proceedings, but
that after the partial eviction defendant stayed on
from month to month and started to pay rent in a
lesser amount, which he claimed to be entitled to do
to offset an amount in excess of the registered ceil-
ing rental which he had previously paid.   Claimed
default in payments followed.

Defendant relies on *Ravet v. Garelick,* 221 Mich
70 (28 ALR 1331).   There tenant suffered a partial
eviction by landlord during the term of his lease.   We
held that he might show that fact in defense to the
claim of nonpayment of rent and forfeiture.   In that
case, however, we said the following:

"If the tenant's lease has expired and summary proceedings are instituted to regain possession, the defense of partial eviction would probably not be a defense.  But where the lease is still in force when the proceedings are instituted and the ground assigned for ouster is the failure of the plaintiff to pay rent, then the defense is admissible.  *  *  *  We think the rule is general that if the tenant is partially evicted he may remain in possession during the remainder of his term."

It may be conceded that the partial eviction was violative of defendant's right to total possession during the month when it occurred and the ensuing rent month during which he, as a tenant at will, would have been entitled to possession of the whole premises before notice to quit could have become operative.  That, however, would have constituted all of the "remainder of his term" during which he would have been entitled, under *Ravet* v. *Garelick, supra,* to remain in possession and raise the partial eviction as a defense to his own default in payment of rent.  Thereafter, his term having expired, the previous partial eviction would not serve as a defense to his future defaults occurring during the new term which resulted when he stayed on and occupied the remainder of the premises as a tenant at will from month to month.

Affirmed, with costs to plaintiff.

ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.