DE BRUYN BROTHERS REALTY COMPANY *v.*
PHOTO LITH PLATE SERVICE CORPORATION

1. LANDLORD AND TENANT — CONSTRUCTIVE EVICTION — ADEQUATE
HEAT — RODENT INFESTATION.

Landlord's failure to provide adequate heat and to control
rodent infestation was sufficient to deprive the tenant of the
beneficial use and enjoyment of the leased premises and con-
stituted a constructive eviction.

2. LANDLORD AND TENANT—CONSTRUCTIVE EVICTION—WAIVER—PAY-
MENT OF RENT—RELIANCE.

Tenant's paying the rent for two months after it had vacated the
leased premises did not waive its defense of constructive evic-
tion where the rent was paid because of reliance on the land-
lord's promises to correct the conditions constituting the con-
structive eviction.

3. LANDLORD AND TENANT—CONSTRUCTIVE EVICTION—SUB-LEASING
VALUE—PARKING SPACES.

Landlord's failing to provide tenant parking spaces, as agreed
to by the parties, and storing articles in the leased premises
after the defendant tenant had vacated the premises, on the
grounds of lack of heat and rodent infestation, constituted a
constructive eviction, because any value to the tenant in sub-
letting the premises was destroyed by the landlord's actions.

Appeal from Kent, John T. Letts, J.  Submitted
Division 3 January 6, 1971, at Grand Rapids.
(Docket No. 8262.)  Decided March 23, 1971.

REFERENCES FOR POINTS IN HEADNOTES
[1]  49 Am Jur 2d, Landlord and Tenant §§ 301, 310.
[2]  49 Am Jur 2d, Landlord and Tenant §§ 303, 310.
[3]  49 Am Jur 2d, Landlord and Tenant § 301.

Complaint by De Bruyn Brothers Realty Company against Photo Lith Plate Service Corporation for rent on a lease. Judgment for defendant. Plaintiff appeals. Affirmed.

*Wheeler, Upham, Bryant & Uhl* (by *Edwin F. Uhl* and *Geoffrey L. Gillis*), for plaintiff.

*Warner, Norcross & Judd* (by *William K. Holmes*), for defendant.

Before: HOLBROOK, P. J., and McGREGOR and T. M. BURNS, JJ.

T. M. BURNS, J. In January 1961, plaintiff as lessor and defendant as lessee entered into a lease for certain premises in the City of Grand Rapids. The lease provided for a monthly rent of $165 and covered the period of January 1, 1961 to January 1, 1966.

In May 1964, defendant vacated the premises. Defendant paid the rent for June and July of 1964, but then made no further rent payments during the remaining 17 months of the lease.

Plaintiff then brought an action for rent. Defendant raised the affirmative defense of constructive eviction and also cited plaintiff's failure to mitigate damages. The trial court found that defendant had been constructively evicted and that the lease was terminated when defendant vacated the premises. Plaintiff appeals by right.

Defendant based his defense of constructive eviction upon the failure of the plaintiff to provide adequate heating and also plaintiff's failure to control rodent infestation of the leased premises. Defendant also claimed that plaintiff's actions after defendant had vacated the premises, *i.e.,* failing to

provide parking spaces as agreed and allowing clutter to accumulate on the premises, prevented defendant from subleasing the premises.

The trial court, sitting without a jury, found all of defendant's allegations to be true. Our review of the record reveals ample evidence to support the trial court's findings of fact and we will not, therefore, set them aside since they are not clearly erroneous.[1] The only question for this Court to decide then is whether the existence of the above facts would result in a constructive eviction.

In *Pridgeon* v. *The Excelsior Boat Club* (1887), 66 Mich 326, 327, 328, the Court stated:

"A party should be held evicted when the act of the landlord is of such a character as to deprive the tenant, or has the effect of depriving him, of the beneficial use and enjoyment of the whole or any part of the demised property, to the extent he is thus deprived."

The failure by the landlord to provide adequate heat was sufficient ground to justify defendant in vacating the premises. Lack of heat would certainly deprive the tenant of the beneficial use and enjoyment of the premises and, therefore, under *Pridgeon,* defendant should be held to have been evicted. We, therefore, hold that defendant was constructively evicted from the premises due to lack of heat and rodent infestation and was under no further duty to pay rent once the premises had been vacated.

Plaintiff contends, however, that even if defendant was constructively evicted from the premises, the defense of constructive eviction was waived because defendant continued to pay rent for two months after it had vacated. We disagree. De-

[1] GCR 1963, 517.1.

fendant had, on many occasions, requested that the heating problems be corrected. Plaintiff had promised to cure this problem and also to eliminate the rodents. Plaintiff did neither of these.

Defendant cannot be said to have waived the defense of constructive eviction by paying rent upon the reliance that the landlord would correct the conditions complained of.

In any event, plaintiff's actions subsequent to the time defendant moved out, *i.e.,* failing to provide parking spaces and storing articles in the demised premises, destroyed any value the premises may have had to the defendant as far as subletting is concerned. These actions then also deprived defendant of the beneficial use of the premises and could amount to a second constructive eviction. Even if we were to hold that the first constructive eviction was waived as a defense by the defendant, the second eviction by the plaintiff is sufficient to uphold the trial court's decision.

Affirmed.

All concurred.