## JEWELL NURSERY CO. V. STATE.

1. In order to show a ratification by a principal of the unauthorized act or contract of an agent by the acceptance and enjoyment of its benefits, it must appear that the principal had knowledge of the material facts, or that he intentionally accepted the benefits without inquiry.

2. Where the plaintiff planted trees and shrubbery on the grounds of the agricultural college of the state, under a contract with its board of regents, which it had no authority to make, and no subsequent ratification by the state is shown, the state is liable only for the reasonable value of such trees and shrubbery.

(Syllabus by the court.   Opinion filed Aug. 13, 1894 )

Original action by the Jewell Nursery Company against the State of South Dakota, for trees and shrubbery planted upon the state agricultural college grounds at Brookings. Judgment for plaintiff.

The facts are stated in the opinion.

*Abbot E. Smith,* for plaintiff.

*Coe I. Crawford,* Attorney General, for defendant.

KELLAM, J.   This is an original action in this court, in which the plaintiff seeks to recover from the state for trees and shrubbery set out and planted upon the grounds of the Agricul·tural College at Brookings, by the plaintiff, under an alleged contract with the board of trustees of said collage.   The state,

by its attorney general, demurred to the complaint as not stating facts sufficient to show a cause of action. The demurrer was overruled, the opinion upon which the dicision was based being published in 56 N. W. 113. Subsequently, the state answered on the merits. It is conceded that, upon the law as announced in the opinion upon the demurrer, the plaintiff is entitled to recover, the only controversy being as to the amount. Shall it be the amount appearing to be due on the express contract of the board of regents, or the reasonable value of the trees and shrubbery, without regard to the contract price and conditions? The answer must depend upon the ground of the state's liability. If liable because its conduct has worked a ratification of the unauthorized acts of the board of regents, then the contract should furnish the measure of damages. If liable on an implied promise, because it has retained and enjoyed the benefit of plaintiff's property, then its reasonable value, and not the contract price, would be the measure of plaintiff's recovery.

In March, 1886, the board of regents of the college made in form a written agreement with plaintiff, by which plaintiff was to furnish and plant upon the grounds of the college, trees and shrubbery, fully scheduled and described in said agreement, and, in March of the succeeding years of 1887 and 1888, should replace such trees and shrubbery as should fail to live with new and living trees and shrubbery, and that, in June of 1888, an inventory of such trees and shrubbery as were then living should be made, and that plaintiff should be paid therefor at prices therein stated. It is conceded that this was faithfully done each year, and the inventory made as provided, and agreed to as correct by plaintiff and the board.

Upon demurrer to the complaint we held, as will be seen by reference to opinion referred to, that, the legislature having made no appropriation which could be used to meet such expense, the board had no authority to bind the state by such contract; but, it being alleged in the complaint, and upon de-

murrer conceded, that, the facts having been fully reported to the legislature, it passed a bill appropriating for the benefit of plaintiff the full amount appearing due under said contract, which bill so passed was vetoed by the governor, on the sole ground of the then depleted condition of the territorial treasury, we held that with such full knowledge carried directly to the legislature of the state, with no suggestion of disapproval on its part, but with such affirmative act tending to show approval, the state was not in position to repudiate the act of its unauthorized agent, the board of regents. These allegations of presentation to the legislature and its action thereon are now denied by the answer, and the plaintiff submits no evidence to support them. They must therefore be disregarded in determining the question whether the state should be held to have so far acquiesced in the agreement of the board as to make it liable thereon. In his argument plaintiff's counsel ignores the effect of this denial of the answer, and treats the memorial to the legislature, set out as a part of his complaint, and the alleged subsequent legislative action thereon, as facts properly before us, to be considered in determining whether the state has ratified, and is therefore liable on, the unauthorized contract of the board of regents. In this, we think, he is in error. Evidence is submitted by both sides, but it all goes to the question of values; nothing upon the question of ratification. The board of regents, having no authority to make the contract for the state in the first place, were equally powerless to subsequently ratify it, and their acts do not count on the question of ratification. The legislature was the only authority competent to authorize this contract, and so the only competent authority to ratify it if made without authority. But, aside from these controverted allegations of the complaint, there is nothing in the case to suggest that the legislature ever had any knowledge that such a contract was attempted to be made or any claim under it asserted. There is therefore noth-

ing to show affirmatively, or even to sustain an inference, that a knowledge of this contract or its terms was ever brought home to any department or agency of the state which had authority to ratify it.    The principles of law governing ratification by a principal of the unauthorized contract of an agent are doubtless the same, whether the principal be a corporation or an individual, but in neither case will the nonrepudiation by a principal of a contract of which he never heard be charged against him as a ratification of it.    There must be, at least, an opportunity for him  to act  before  his nonaction will make an estoppel against him.  . As the case now  stands,  there  is nothing on which to base  a claim  of ratification of the contract by the state,  except that it has passively enjoyed the benefit of the trees and  shrubbery  which  plaintiff  has · added to its land, without any knowledge of the unauthorized arrangement under which they were so added.    This may create a legal, as it certainly does a  moral, obligation to pay the reasonable value of the trees, but it does not constitute a  ratification of the contract.    The rule undoubtedly is that, if a principal knowingly appropriates and enjoys the fruits and benefits of an agent's act, he will not afterwards be heard to say that the act was unathorized; but it is equally true that the principal must have had full knowledge of the material facts, or that he should have intentionally accepted the benefits without inquiry; otherwise the receipt and retention of the benefits of the unauthorized act is no ratification of it.    Mechem, Ag. § 148, and many supporting cases cited.

The authorities cited by plaintiff were very pertinent to the facts before us on the demurrer, an important one being that the legislature was formally and fully notified of the terms of the unauthorized contract, and what had been done under it, and  then took  action on such knowledge indicating  their approval  of the contract and their recognition of plaintiff's claim under it; and these are the facts which led us to hold the contract ratified, but those facts are all out of the case now,

and the liability of the state, as the case is now presented, rests upon the single ground that it has suffered the trees and shrubbery to remain and grow upon its lands where the plaintiff had planted them, and has thus had and enjoyed the benefit of them. Upon such facts, the state, like an individual, is liable, not for what the unauthorized and unratified contract calls for, but for the fair and reasonable value of the benefits enjoyed. In this case the parties have waived the submission to a jury of any question of fact that might arise, and have stipulated that the same may be determined by this court. It thus devolves upon this court to find the reasonable value of the trees and shrubbery of which the state has had the benefit. In June, 1888, in pursuance of the contract, an inventory was taken of the living trees, at prices named in the contract. It is evident that these prices were based upon or influenced by the agreement of plaintiff to replace all dead trees, and were above the market value of the trees, independent of such undertaking. Upon the question of values, depositions were submitted by both sides. The estimates of the witnesses range from the full amount of the inventory down to one-third of the same. Accepting as most satisfying the evidence of those who could apparently have no possible interest or bias in the matter, we conclude and find that the value of the trees and shrubbery for which the state should pay on its implied contract was $961.18 on the 1st day of June, 1888. For this amount, and interest at 7 per cent., making, in all, $1,377.95, besides the taxable costs of this action, judgment is hereby directed to be entered in favor of plaintiff, and against the state. All the judges concur.