## JEWELL NURSERY CO. V. STATE.

1. Where one plants trees on the grounds of the state agricultural college under a contract with the board of regents which it was not authorized to make, and no subsequent ratification is shown, the state is liable only for the reasonable value of the trees.   59 N. W. 1025 affirmed.

2. Where the board of regents entered into an unauthorized contract with plaintiff for the planting of trees on˙the grounds of the state agricultural college, the subsequent presentation of a memorial to the legislature, reciting plaintiff's claim, and the passage of a bill for the payment of such claim by one branch of the legislature only, was not a ratification of the contract.

(Opinion filed May 8, 1896.)

Motion to modify judgment.   Denied.

Original action for trees and shrubbery planted upon the state agricultural college grounds at Brookings.   In an opinion reported in 5 S. D. 623, 59 N. W. 1025, plaintiff was given judg-

ment for $1,377.95 and costs.   Plaintiff now moves to modify that judgment.   Denied.

*Abbott E. Smith,* for plaintiff.

*Goe I. Crawford,* Attorney General, for defendant.

HANEY, J.   Plaintiff moves for a modification of the judgment herein.   In pronouncing such judgment (5 S. D. 623, 59 N. W. 1025), the court inadvertantly assumed that certain allegations of the complaint, relied upon as showing a ratification of the unauthorized contract of the regents, were not proven, whereas, they were admitted by a written stipulation of counsel, the effect of which was partially overlooked, because of the manner in which it referred to the printed abstract.   Upon the hearing of plaintiff's motion all dispute concerning the facts was removed by a further clear and definite agreement, and the only question remaining is whether plaintiff has shown a ratification and right to recover according to the terms of its contract with the board, or whether it must be content with the judgment heretofore rendered, wherein it recovers the reasonable value of the property delivered to the agricultural college.   The only facts relied upon to establish a ratification are these:   A memorial, reciting in detail the facts concerning plaintiff's claim, was presented to the last territorial legislature, with a bill for an act appropriating $1,500 to pay the same.   This bill was passed by the council, but not passed by the lower house.   The trees and shrubbery furnished by plaintiff have remained where they were planted upon the grounds of the agricultural college.

Did the presentation of such memorial, and the passage of the proposed appropriation by one branch of the legislature, amount to a ratification of the unauthorized contract between plaintiff and the board of regents?   It is doubtless true that, when a state permits itself to be sued, it consents to go before its courts, and have claims against it determined upon those settled rules of law upon which the responsibilities of ordinary

parties litigant are determined.   Green v. State, 73 Cal. 29, 11 Pac. 602, and 14 Pac. 610; Metzel v. State, 16 Wis. 370.   But in the application of such rules it is necessary, as in the case of municipal corporations, to consider the character of the principal, and the methods and means employed by it in the management of its affairs.   The late territory of Dakota, considered as a contracting party, could act only in the manner provided by law.   Conceding, for the purposes of this case, that the conduct of the legislature should be regarded as the conduct of the territory, there could be no affirmative action without the concurrence of both branches of the legislature.   Admissions made by individual members of either house or by one house alone, certainly should not be considered as the admissions of the legislature.   That body could speak and act only by the passage of measures in accordance with the rules regulating its procedure.   As formerly held in this case, it required an act of the legislature—a law—to authorize the board of regents to contract with plaintiff.   Because no such law existed, the court has properly held that the board was without power to make the contract.   A ratification of such unauthorized contract could be made only in the manner required to confer original authority for the same.   Comp. Laws, § 3972.   If one branch of the legislature could not have made the contract it could not ratify it.

Again, a ratification cannot be implied from the fact that the legislature was informed of the action of the board, and the council alone expressed itself in favor of paying plaintiff's claim, because the failure or refusal, we know not which, of the lower house to affirm the contract speaks as strongly in repudiation of what was done by the board as does the action of the council in the way of approval.   The conduct of one branch counteracts and neutralizes the conduct of the other, and nothing remains but the fact upon which the judgment is predicted, namely, that the trees and shrubbery furnished by plaintiff have been permitted to remain upon the college

grounds, if, indeed, the failure of the legislature to pass the proposed bill did not amount to a renunciation of the contract. We think no ratification has been shown, and that plaintiff has no reason to complain if it is allowed to recover the reasonable value of its property, with interest.

If it shall appear that this conclusion conflicts with any expressions on the subject of ratification found in former opinions in this action, we have only to say that, in causes commenced and tried in this court, the law of the case cannot be ascertained until the litigation is finally determined. Plaintiff's motion to modify the judgment herein is denied.