STATE *ex rel.* NULL v. MAYHEW, State Auditor.

1. Laws 1890, C. 108, § 1, provides that, in all appropriations of money for periods longer than one year, the expenditures for one year shall never exceed the proportion which one year of time bears to the whole time. In 1897, among other appropriations for the railroad commissioners, $4,500 was appropriated "for litigation fund for biennial period of 1897 and 1898." *Held* that, after warrants for one-half of that amount had been audited, the auditor could not audit a further account against such fund during the first fiscal year of such period, though allowed by the commissioners.

2. Such law of 1890 was not repealed by implication by the making of such appropriation, as the language used therein indicates that such appropriation was made with express reference to such law.

(Opinion filed Dec. 11, 1897.)

Original application for a peremptory writ of mandamus to compel the state auditor to draw a warrant on the state treasurer on account of a certain appropriation for the railroad commissioners. Denied.

The facts are stated in the opinion.

*T. H. Null,* in *pro per.*

*Horner & Stewart,* for defendant.

No briefs filed.

CORSON, P. J. This is an original application to this court for a peremptory writ of mandamus to compel the defendant, as state auditor, to draw his warrant upon the state treasurer, in favor of the applicant, for a balance claimed to be due him as attorney for the board of railroad commissioners, and which account has been audited and allowed by said board. It appears by the affidavit presented that the state auditor has audited and drawn warrants for the sum of $2,250,—being one-half of the appropriation made by the legislature of 1897 as a litigation fund,—to be expended by the railroad commissioners for the fiscal years of 1897 and 1898. The defendant, by his attorneys, moved the court to quash the affidavit and deny the

writ, upon the ground that the affidavit does not state facts sufficient to authorize the court to issue the writ. In support of this motion the defendant contends that as it appears by the affidavit that he, as state auditor, has audited claims for $2,250, —one-half of the appropriation—he is precluded by the provisions of Chapter 108, Laws 1890, from auditing any further claims upon that fund for the present fiscal year, ending June 30, 1898. In the appropriations made for the railroad commissioners, the legislature of 1897, after making various appropriations for said commissioners, made the following appropriation: "For litigation fund for biennial period of 1897 and 1898, $4,500." The act of 1890, referred to, reads as follows: "In all cases where appropriations of money have heretofore, or may hereafter be made for periods longer than one year it shall be unlawful for the person or persons, whose duty it is to expend said money, to audit, expend or contract to pay more money in any one year than a *pro rata* share thereof, that is the expenditures for one year shall never exceed the proportion which one year of time bears to the whole time." Laws 1890, Chap. 108, Sec. 1. It will be observed that the appropriation for the litigation fund, as made in 1897, comes clearly within the terms of the provisions of that law; and, unless that law has been repealed, the auditor is right in refusing to audit any further sums against the appropriation for the present fiscal year. The application does not claim that the law of 1890 has, in terms, been repealed; but he contends that the manner in which the appropriation was made clearly indicates that the legislature intended that the whole appropriation of $4,500 should be available in either fiscal year, as circumstances might require, and that the law of 1890 was by implication repealed, as to this appropriation. But we cannot agree with counsel in his contention. There is certainly no conflict between the law making the appropriation and the law of 1890; and not only is there no conflict, but, taking the language used itself, it would seem to have been used with express reference to the law of

1890. The intention of the lawmaking power can only be ascertained from the language used in some part of the act containing the appropriation. There is nothing in the act itself that indicates that the legislative intent was other than that its language, limited and qualified by the act of 1890, would ordinarily import. Repeals by implication are never favored by the courts, and, unless there is a clear repugnancy between the two acts, both will be allowed to stand, and force and effect will be given to each. We are clearly of the opinion that the law of 1890 has not been repealed, and that its provisions are applicable to the case before us. That being so, the state auditor cannot legally audit any further accounts against said fund during the present fiscal year. It is true, the state auditor is not expressly mentioned in the act of 1890; but if no amount in excess of $2,250 can be lawfully expended, audited, or allowed by the board of railroad commissioners, whose duty it is to expend the money appropriated, then it necessarily follows that the account of applicant, so unlawfully audited and allowed, cannot be lawfully audited by the state auditor. He is bound to know the extent of the powers to expend appropriated moneys of the inferior boards or officers of the state, and he cannot legally audit and draw his warrant on the state treasurer for any sum which such board or officer has no lawful authority to expend, audit, or allow. The law of 1890 being clear and explicit as to the manner in which an appropriation for a period longer than one year shall be expended, and the appropriation in this case being for two years, the railroad commissioners have no power to expend more than one-half for the present fiscal year, ending June 30, 1898. It will be noticed that the act of 1890 makes it "unlawful for the person or persons, whose duty it is to expend said money, to audit, expend or contract to pay more money in any one year than a *pro rata* share thereof, that is the expenditures for one year shall never exceed the proportion which one year of time bears to the whole time." And by Section 1, Chap. 97, Laws 1895, such an act is

made a misdemeanor. The contention of the defendant is therefore clearly correct, and he was not only justified in refusing to audit any claim in excess of $2,250, but, had he audited the claim of the applicant in excess of that sum, he would clearly have violated his duty as such auditor. The motion to quash is sustained. As it was conceded that there is no other question involved in this case, and the whole case was submitted on the motion to quash, the application is ordered dismissed at the costs of the applicant.

HANEY, J., taking no part in the decision.