## VAN DUSEN *et al.* v. STATE.

1. Under Const. Article 11, § 9, declaring that no indebtedness shall be incurred by the state except in pursuance of an appropriation for the specific purpose first made; and Laws 1890, Chap. 108, providing that, where appropriations are made for periods longer than one year, the expenditures for one year shall never exceed the proportion which one year bears to the whole period,—the appropriation Act of March 9, 1891 (Laws 1891, Chap. 6), appropriating (Sections 1 and 11) for fuel and lights for the Agricultural College $2,000 per year "for the ensuing two years," and (Section 31) increasing each item therein, *pro rata*, to cover the period from March 8 to June 30, 1893 inclusive, authorized the agents of the state to procure fuel and light for the use of such college, at the expense of the state, to an amount not exceeding $2000 during the period from March 8, 1891, to March 8, 1892, and not exceeding $2,620 during the period, from March 8, 1892, to and including June 30, 1893.

2. Plaintiff, during one of the periods, specified in the appropriation act of March 9, 1891 (Laws 1891, Chap. 6, § 11), furnished fuel for the Agricultural College to a certain amount, on request of its officers. During such period, the entire indebtedness incurred by such officers for fuel and lights aggregated an amount, including the sum due plaintiff, less than the amount appropriated for such purpose for such period. *Held*, that

such indebtedness to plaintiff constituted a legal claim against the state, the validity of which was not impaired by the misuse of such appropriation in the payment of indebtedness contracted during another period.

3. In an action against the state to recover for fuel furnished the Agricultural College on request of its officers, the burden was on plaintiff to show that the indebtedness so contracted was incurred at a time when the agents of the state were authorized to make such purchase, in view of the constitutional provisions (Article 11, § 9) that no indebtedness shall be incurred except in pursuance of an appropriation for the specific purpose first made, and (Article 12, § 3) that all unauthorized contracts shall be null and void.

(Opinion filed November 18, 1898.)

Original action by G. W. VanDusen & Co. against the state of South Dakota to recover for certain coal furnished the Agricultural College on the request of its officers. Judgment for plaintiffs.

The facts are stated in the opinion.

*Horner & Stewart* and *A. W. Burtt*, for plaintiffs.

*Melvin Grigsby*, Attorney General, for defendant.

Haney, J. It appears from an agreed statement which is adopted by the court and made its findings of fact herein, that between Janury 2 and June 20, 1893, the plaintiff furnished coal to the Agricultural College upon the request of its proper officers, of the agreed and reasonable value of $638.13; that accounts for the coal so furnished to and used by the college were audited by its trustees, approved by the board of regents, and on August 15, 1893, they were presented to the state auditor, in due form, who refused to issue warrants therefor, and subsequently this action was commenced.

320          Van Dusen *et al. v.* State.

The general appropriation act, approved March 9, 1891, contained under the head "Dakota Agricultural College," these items: "For fuel and lights for 1891, $2,000; for 1892, $2,000." Laws 1891, Chap. 6, § 11. These sums were appropriated "for the ensuing two years." *Id.* §1. To the end that a fiscal year might be established, the act increased each item therein *pro rata* to cover the period from March 8 to June 30, 1893, inclusive. *Id.* § 31. Hence the agents of the state were authorized to procure fuel and light for the use of the college at the expense of the state to an amount not exceeding $2,(00 during the period from March 8, 1891, to March 8, 1892, and not exceeding $2,620 during the period from March 8, 1892, to and including June 30, 1893. State Const. Article 11, § 9; Laws 1890, Chap. 108; State v. Mayhew, 10 S. D. 365, 73 N. W. 200. None of the money appropriated by the act of 1891 should have been used to pay any indebtedness contracted outside the periods mentioned, but if any of it was thus unlawfully used, the fact does not affect the plaintiff's right of recovery in this action. The legislature by the act of 1891 expressly authorized the agents of the state to incur indebtedness for fuel and light in the Agricultural College during the periods named; and if any portion of the indebtedness sued upon was incurred in pursuance of the authority thus conferred, it was a valid indebtedness when so incurred, and its validity cannot be affected by any misuse of the funds intended for its payment. In other words, the legal liability of the state depends upon the question of authority in its agents when plaintiff delivered its coal to the college, and not upon the condition of this particular fund, as shown by the state auditor's books when plaintiff's claim was presented for payment. During the period from March 8, 1892, to June 30,

1893, coal was furnished by plaintiff to the amount of $638.13. During the same period, the agents of the state incurred indebtedness, for fuel and light for the college, to the Winona Mill Company, in the sum of $340.75, and to other persons in the sum of $1,626.56, aggregating the sum of $2,605.44. All of this indebtedness, being less than $2,620, the amount authorized by the act of 1891, was valid when incurred, and plaintiff has a legal claim against the state for the amount stated.

The amount thus found to be due the plaintiff does not include an item of $282.50, mentioned in the complaint and agreed statement of facts, for coal furnished the college, for the reason that the record nowhere discloses when it was furnished. The burden was certainly upon the plaintiff to show that its alleged indebtedness was authorized; in other words, that its coal was furnished at a time when the agents of the state were authorized to purchase it.

It seems to be conceded that all of the coal involved was furnished in good faith, and actually used by the college; and plaintiff contends the state should be held liable upon its obligation to pay for benefits received. In support of this contention, counsel cite the case of Jewell Nursery Co. v. State, 5 S. D. 623, 59 N. W. 1025. The contention is untenable. The indebtedness considered in that case was incurred prior to the adoption of the state constitution, which expressly provides that no indebtedness shall be incurred except in pursuance of an appropriation for the specific purpose first made (Article 11, § 9), and that all unauthorized agreements or contracts shall be null and void (Article 12, § 3). The doctrine therein announced has no application to the case at bar.

It is urged by counsel for the state that plaintiff cannot have judgment, because there is no appropriation out of

which it can be paid.   As heretofore indicated, that is  not the question involved at this time.   If the state authorized its agents to purchase coal for its  college, and they acted within the scope of their authority, the indebtedness thus incurred constitutes a legal claim against the state, the validity of which cannot be impaired by the failure of the legislature to provide for its payment.   Whether or not it will be the duty of the state auditor  to issue a  warrant in  payment of the judgment rendered herein is a question to be determimed when presented in a proper proceeding predicated upon his refusal to do so.  We merely determine at this time that plaintiff  has a legal claim against the state, which has not been paid.   Plaintiff will have judgment for $638.13, with interest thereon at 7 per cent. from August 15, 1893, when its claim was presented to the state auditor, together with the usual costs and disbursements.