*F. Rand* and *R. H. Hall,* for appellees.

---

MOSSMAN *v.* FORREST.

JURISDICTION.—INFERIOR COURTS.—Where statutory powers are conferred upon a court of inferior jurisdiction, and a mode of executing those powers is prescribed, that mode must be substantially pursued, or the acts and judgments of the court will be *coram non judice* and void.

GEOGRAPHY.—JUDICIAL NOTICE.—The courts will take judicial notice of the geography of the country, and of the mode of subdividing congressional townships into sections.

HIGHWAYS.—REPORT OF VIEWERS.—The viewers appointed to lay out a highway reported in favor of its utility, and that they had laid out the same, "commencing at the quarter post between sections 9 and 10, township 31, range 10, on the land owned by A, and running through the lands of A and B to the quarter post between sections 15 and 16, there to terminate, at the intersection of the road to C."

*Held,* that the court will take judicial notice that section 15 is immediately south of section 9, in the same township, and that the course from the quarter post between sections 9 and 10 to the quarter post between sections 15 and 16, is south.

*Held,* also, that the course and distance of the highway were sufficiently stated in the report.

APPEAL from the *Whitley* Common Pleas.

ELLIOTT, J.—Suit by *Mossman,* the appellant, against *Forrest,* for trespass upon the plaintiff's land.    Issues were

formed, the trial of which resulted in a verdict and judgment for the defendant.

The third paragraph of the defendant's answer justified the entry upon the plaintiff's land by alleging that the *locus in quo* was a public highway, duly located and established, and ordered to be opened by the board of commissioners of *Whitley* county; that as supervisor of the road district in which the plaintiff's land was situated, and over which said public highway was located, he entered upon the land on said highway for the purpose of opening the same, &c., which was the trespass complained of. A copy of the record of the proceedings of the county commissioners, establishing the highway, was made a part of the answer. A demurrer to the paragraph was overruled, to which the plaintiff excepted. On the trial of the cause, the court, over the plaintiff's objection, permitted the defendant to read in evidence the record of the proceedings of the board of commissioners, establishing the highway.

It is insisted by the appellant's counsel that the proceedings of the commissioners, establishing the highway, are void for uncertainty, and that the Court of Common Pleas therefore erred in overruling the demurrer to the third paragraph of the answer, and in permitting said proceedings to be given in evidence on the trial. Were the proceedings establishing the highway void? This is the only question in the case. The objections urged to the proceedings are, that the viewers appointed by the board of commissioners to view and locate the highway, though they reported the same to be of public utility, did not give a sufficient description of the commencement and terminus of the road; and that they did not report the course or distance thereof, as required by the statute. It appears by the record of the board of commissioners, that a petition was filed asking for the location of a highway "in township 31, range 10 east, commencing at the quarter post between sections 9 and 10, on the land of *Stephen H. Clark,* and running south, through the lands of *Stephen H. Clark* and *Francis Mossman,* to the

quarter post between sections fifteen and sixteen, being one mile, and the continuation of a county road that was laid out in the fall or summer of 1849. The northern part of said road, running through the land of *Simon Aker* and *A. G. Clark*, has been opened and worked since 1850. Said road will run from the *Yellow River* road to the center of the township and through *Coesse.*" It further appears, that after proper proof of notice of said petition, the board appointed viewers to view "the route of the proposed road," who, after being duly sworn, should "view the ground of the proposed road," and if they thought the same was of public utility, "to mark and lay out the same to the width of thirty feet." The viewers afterwards reported, that in pursuance of the order of the board to view and lay out the public highway therein named, they had viewed and laid out the same to the width of thirty feet, and that it was a road of public utility, "commencing at the quarter post between sections 9 and 10, township 31, range 10, on the land owned by *Stephen H. Clark*, running through the lands of *Stephen H. Clark* and *Francis Mossman*, to the quarter post between sections 15 and 16, there to terminate at the intersection of the road to *Coesse.*" The report was confirmed and the road ordered to be opened thirty feet wide.

It is conceded that when statutory powers are conferred upon a court of inferior jurisdiction, and a mode of executing those powers is prescribed, the course pointed out must be substantially pursued, or the acts and judgments of the court are *coram non judice* and void. *White* v. *Conover*, 5 Blackf. 462. In the case at bar the viewers did not, in terms, state in their report the course and distance of the proposed highway; but in the petition for the highway the course and distance are clearly stated, and all the subsequent proceedings refer to the proposed highway as described in the petition. Besides, the report of the viewers, following the petition, states the commencing point as being the quarter post between sections 9 and 10 and terminating at the quarter post between sections 15 and 16. The

courts take judicial notice of the geography of the country and of the mode of sub-dividing congressional townships into sections by the public surveys. We therefore know that section 15 is immediately south of section 10, and that section 16 is immediately south of section 9, in the same township, and that the course from the quarter post between sections 9 and 10, to the quarter post between sections 15 and sixteen, is south, and the distance between the two posts is one mile. We think, therefore, that both the course and distance are, in effect, stated in the report, which is a substantial compliance with the statute, and hence the proceedings of the board of commissioners, in establishing the highway, are not void.

The judgment is affirmed, with costs.

*A. Y. Hooper,* for appellant.

*J. S. Collins,* for appellee.