WILLIAM BURNS *vs.* MOSES C. ANNAS and others.

*Location of roads through selected lands—to be done by county commissioners.*
*Dedication.   User.*

The land agent has no authority to locate roads through public lands selected for settlement, but only to 'cause such roads to be located as the public interest and the accommodation of the future settlement require.'   R. S., c. 5, § 29.

The authority to locate such roads is, by R. S., c. 18, § 32, vested in the county commissioners.

Neither can the land agent establish such road by dedication.

A road by user cannot be established in less than twenty years.

It is not competent for a town to establish a way across the private land of **one** of its citizens, by a simple vote of acceptance, without any previous location by its selectmen.

ON REPORT.

TRESPASS QUARE CLAUSUM.

The case is sufficiently stated in the opinion.

*C. M. Herrin*, for the plaintiff.

*Powers, Madigan & Donworth*, for the defendants.

WALTON, J.   The question is whether a road, which crosses the plaintiff's land, was legally located, so as to justify the highway surveyor in opening it and fitting it for public travel.

We think not.   It was located, or rather 'staked out,' by Emmons Whitcomb, in 1862.   He does not appear to have had any other authority for so doing than the fact, as he says, that Mr. Norris, then land agent, wrote him in the spring of 1862; that he saw by the records in the office, that he (Whitcomb) was local agent of letter C, range 1, and wished him to go on as local agent, —'wished him to locate roads and get the settlers on.'   The letter was not produced at the trial, and we are inclined to believe that Mr. Whitcomb must have mistaken its import; for while the statutes, then and still in force, make it the duty of the land agent to

appoint some suitable person or persons in the vicinity to superin-
tend the location of settlers, and to see that they perform their road
labor, and other duties required of settlers in unincorporated town-
ships, no statute has been cited, and after a diligent search none
has been found by us, conferring upon either the land agent, or his
assistants, authority to locate highways through the public lands or
elsewhere. It is made the duty of the land agent to ' cause' such
roads to be located as the public interest and the accommodation of
the future settlement require; but the authority to ' locate' them is
vested in the county commissioners. See act of 1850, c. 206, §§ 2
and 4; R. S. of 1857, c. 18, § 30; R. S. of 1871, c. 18, § 32;
c. 5, § 29.

Nor do we think the road can be regarded as legally established
by dedication or user. A dedication by the land agent, or his as-
sistant, would be as unauthorized as a location, and would have no
more effect. A road by user cannot be established in less than
twenty years. At the time of the alleged trespass this road does
not appear to have been used more than eight years. It also ap-
pears that for a portion of these eight years, if not during the whole
time, gates and bars had been kept up across the road. And it
was the removal of these gates and bars that constituted the princi-
pal grievance of which the plaintiff complains. It appears in evi-
dence that he was willing the defendants should use the road if
they would shut the gate after them. But this they refused to do.
It is clear that there has been no such use of the road as to estab-
lish it by prescription, or twenty years' adverse use.

It appears that in June, 1870, the town (which had then been
incorporated by the name of Easton) voted to accept the road from
Walter Dockendorff's to William Hutchinson's, which is the road
in dispute. Whether this was before or after the acts of trespass
complained of, is not clear from the evidence. If it was after the
trespass was committed, of course it would have no effect. And if
it was before, we think it is clear that the vote would not have the
effect of making a legally established way of it. There had been
no previous location of it by the selectmen. And it is not compe-

tent for a town to establish a way across the private land of one of its citizens, by a simple vote of acceptance, without any previous location by the selectmen.

We think it is clear that the road had not been legally established; that the removal of the gate, and otherwise fitting the road for public travel, were illegal, and a trespass upon the plaintiff.

*Judgment for plaintiff.*

*Damages to be assessed at nisi prius.*

APPLETON, C. J.; CUTTING, KENT, and BARROWS, JJ., concurred.