## EDMISON *et al.* V. LOWRY.

1.  The owner of a lot abutting upon a street in a city is presumed to be the owner of the soil and freehold of the street in front of such lot to the center thereof, incumbered only by the easement in the public for passing and repassing over the same, and the rights of the municipality to use the same, or permit its use, for municipal purposes, as authorized by law.

2.  The rights of such abutting owner in the street in front of his premises for access, ingress, egress, light, and air are peculiar, distinct, and separate from the easement in the public generally in such street, and constitute a part of the property itself.

3. This right of an abutting owner entitles him to a free and unobstructed street to the center thereof, subject to the easement of the public and the rights of the municipality, and no one not authorized by law can lawfully obstruct the same or deprive him of free access, ingress, egress, light, and air at all times in the same.

4. The lease of property abutting upon a public street carries with it all the easements, incidents, and rights of the owner in such street belonging to said property, unless specially reserved by the lessor in the lease, subject to the equal enjoyment of such rights by other tenants of portions of the same property.

5. The plaintiffs, owners of a three-story brick building fronting on Ninth street, in the city of Sioux Falls, leased the cellar and first story of the same to the defendant for a period of two years. During the term the plaintiffs erected a large stone building on a lot adjoining the leased premises, and deposited lumber and other building material in front of the leased premises, and upon a cross walk leading from defendant's sidewalk to the opposite sidewalk, thereby depriving the defendant of free access, ingress, and egress to the front of the leased premises, against the protest and objection of the defendant, and so continued such obstruction in front of said premises for a period of about three months. *Held*, that such obstructions constituted an actual eviction of the defendant from a portion of the leased premises, and that the payment of rent was thereby suspended during the continuance of such eviction. *Held, further*, that the defendant was not required to surrender up possession of the leased premises, but could retain possession of the part from which he was not evicted.

(Syllabus by the Court. Opinion filed June 2, 1892.)

Appeal from Minnehaha county court.    Hon. E. PARLIMAN, Judge.

Action for rent.    Judgment for defendant.    Plaintiffs appeal. Affirmed.

The facts are stated in the opinion.

*Wm. A. Wilkes*, for appellants.

The covenant of quiet enjoyment in a lease relates only to the possession of the premises, and there must be an eviction to constitute a breach of the covenant.    Taylor, L. & T. §§ 201, 305, 308, 380, 381; Wood on Nuisances, § 256; Ogilvie v. Hull, 5 Hill, 54; 3 Sutherland on Damages, 117; Royce v. Gugenshein, 106 Mass. 203; Noble v. Warren, 38 Pa. St. 341; Haynes v. Smith, 14 Am. Dec. 126; Edgerton v. Page, 20 N. Y. 284; Borcel v. Lawson, 90 N. Y. 293; If the lessee continues in the possession after the enjoyment of the

premises is taken away there will be no eviction.   4 Am. & Eng. Ency. Law, 485.

  *Bailey & Stoddard,* for respondent.

A tenant can recoup for damages sustained by a breach of covenant by his landlord.   Taylor, L. & T. § 374; Gear, Landlord and Tenant, § 129; Ives v. Van Eps, 22 Wend. 155; Westlake v. Degran, 25 Wend. 669; Reab v. McAlister, 8 Wend. 109; Barns v. Wilson, 116 Pa. St. 303; Sherman v. Williamson, 113 Mass. 481; Parker v. Hartt, 32 N. J. Eq. 225; Wiegale v. Waters, 6 Term, 488; Allen v. Pell. 4 Wend. 505; Wats v. Coffin, 11 Johns. 494; Spencer v. Clienfelt, 101 Pa. 219.   The law only allows such a partial obstruction of a street as is necessary for business purposes.   1 Taylor, L. & T. 201.   If the lessor takes possession of any material part of the leased premises without the consent of the lessee it will be an eviction, and the lessee is not bound to pay any rent during such eviction for the part of the premises which he did not occupy.   Taylor, L. & T. § 387; Walker v. Tucker, 70 Ill. 527; Lewis v. Payn, 4 Wend. 423; Colburn v. Morrill, 117 Mass. 262; Day v. Watson, 8 Mich. 535; Skaggs v. Emerson, 50 Cal. 3; Sackett's Instr. to Juries, 281; Lynch v. Baldwin, 69 Ill. 210; Pridgeon v. The Club, 66 Mich. 226; Upton v. Townent, 84 Eng. C. L. 29; Peck v. Hilger, 24 Barb. 178; Christopher v. Austin, 11 N. Y. 216; Leishman v. White, 1 Allen, 489; Dyett v. Pendleton, 8 Cowen, 727; Tiedeman, Real Prop. 195; Morrison v. Chadwick, 7 C. B. 266.

Evidence of loss in profits of respondent's business during the time the obstruction existed is competent.   Goebel v. Hough, 26 Mich. 252; St. John v. Mayor, 13 How. Pr. 527; De Winte v. Wisley, 9 Wend. 325; Orton v. Noonan, 30 Wis. 611; Eldred v. Leahy, 31 Wis. 546.

CORSON, J.   This was an action for rent.   Verdict and judgment for defendant, and the plaintiffs appeal.   The complaint is in the usual form, and demands judgment for rent for the months of August, September and October, 1890, amounting to $225.   The defendant admits that the rent for those months has not been paid, and sets up a counterclaim, pleaded by way of recoupment, in substance, that, during the months mentioned, the plaintiffs obstructed the sidewalk and street in front of the premises leased,

so as to close up the entrance to the same, and prevent access, ingress, and egress to and from the street to the same, and thereby deprived the defendant of the quiet and peaceable enjoyment of the premises. The facts, as disclosed by the evidence, briefly stated, are as follows: The plaintiffs were the owners of a three-story brick building fronting on Ninth street in the city of Sioux Falls, the first story and cellar of which they leased to defendant to be used as a drug store. The lease was made November 1, 1889, and was for a period of two years, the rent to be paid monthly. During the season of 1890 the plaintiffs erected a large stone building on the corner of Phillips avenue and Ninth street, extending back on Ninth street to or near to the leased premises. In erecting this building the sidewalk from Phillips avenue along Ninth street to the leased premises was taken up, and a fence erected across the sidewalk on the side of the leased premises nearest the avenue. The defendant, being thus shut off from the avenue,—which appears to be one of the principal business streets in Sioux Falls,— constructed a cross walk at his own expense across Ninth street to the opposite sidewalk, thereby enabling the public to cross the street at that point in front of his drug store, and pass by the same in going to and from the post office on the corner of Main and Ninth streets. There was evidence tending to prove that about August the plaintiffs commenced to deposit lumber on the street directly in front of defendant's drug store, but outside of his sidewalk, and lumber, stone, sand, and other building material in the street upon the cross walk, and so continued to use the street for depositing such building material during the three months mentioned, and for which rent is claimed. There was also evidence tending to prove that carriages and teams were, by reason of this building material deposited in the street in front of said premises, prevented from approaching the sidewalk in front of defendant's drug store, and that the public was prevented from crossing the street on the cross walk erected by defendant, by reason of the obstructions mentioned, during a large portion of the time during those months. There was also evidence tending to prove that defendant's business was greatly injured, and his sales largely diminished, during those months, and that defendant ob-

jected to this building material being deposited and kept in front of his premises, and upon this cross walk, and that plaintiffs refused to remove the same, insisting they had the right, as owners of the leased premises, to use the street for depositing the building material therein.

The case was submitted to the jury, with certain instructions, the more important of which are as follows: "If you shall find that the plaintiffs assumed exclusive control in front of the place of business, and have prevented enjoyment in the use of the premises leased for the purposes for which it was leased, then such possession and use by the plaintiffs is, for the purposes of this action, a sufficient eviction. Now, understand me about this matter: If you shall find from the testimony introduced in this action the plaintiffs used the street in front of this place of business to the exclusion of any rights which this defendant had in the street; and if by that act the defendant has been wronged by being deprived of the free use and enjoyment of these premises, that amounts to an eviction." "As to the matter of eviction. It is not necessary there should be any act of a permanent character, but any act which has the effect of depriving a tenant of the free enjoyment of the premises, or any part thereof, or any appurtenances pertaining to these premises, must be treated as an eviction; and I charge you that any act of the plaintiffs which has deprived the defendant of the enjoyment of the free right pertaining to and belonging to him as tenant may be treated as an eviction." The giving of these instructions is assigned, with a large number of other alleged errors; but as they are all embraced in these instructions, and the four propositions contended for by the counsel for the appellants, it will not be necessary to further notice them.

The learned counsel for plaintiffs (appellants) contends: (1) That the covenant of quiet enjoyment in a lease relates only to the possession of the leased premises, and is the contract of the landlord that during the term of the tenancy the lessee shall not be evicted. The covenant is only broken by entry and expulsion, or by some actual disturbance of the tenant's possession of the leased premises. (2) That to constitute a breach of this covenant there must be shown an eviction, actual or constructive, from the

leased premises or some part thereof; and it must be an act of a permanent character, done by the landlord with the intention of depriving the tenant of the enjoyment of the property. (3) That, in case of a constructive eviction, the tenant must quit possession and abandon the premises. He cannot retain possession, and plead eviction, and refuse to pay the rent. (4) That the obstruction shown in this case did not constitute an actual eviction, the street not being any part of leased premises.

The learned counsel for the defendant insists that the lease of the premises fronting on a street for a drug store carries with it every right of ingress and egress and the easement of access which belonged to the property when leased; and that one of these rights was that of an unobstructed use of the street in front of the leased premises to the center thereof, for all purposes of access, ingress, and egress, subject to the easement of the public; and that the depriving of the defendant of the free and unobstructed use of the street in front of the leased premises for such purposes was in law an eviction of the defendant from a portion of the premises leased, and, while such eviction continued, the right to the rent was suspended. In determining these questions it will be necessary to ascertain the rights and the nature of the rights of the owner of property abutting upon a street or highway. At common law, the owner of property fronting upon a street or highway was presumed to be the owner of the soil and freehold to the center of such street or highway, incumbered only with the easement or right of passage in the public. 3 Kent, Comm. p. 432, and notes. This principle of the common law has become a part of the statute law of this state, (section 2783, Comp. Laws,) which provides that "An owner of land bounded by a road or street is presumed to own to the center of the way, but the contrary may be shown." And this principle has been also adopted in our state constitution, the last clause of section 13, art. 6, providing that "the fee of land taken for railroad tracks or other highways shall remain in the owners, subject to the use for which it is taken." In this case no evidence was given or offered upon the subject; hence we must presume that the plaintiffs were the owners of the soil and freehold to the center of the street, incumbered only

by the easement or right of passage in the public. This right of an abutting owner in the street in front of his premises to the center thereof constitutes a valuable part of the property. By it the owner is enabled at all times to prevent the unlawful use of such street and its obstruction by unauthorized persons. Such owner may maintain an action of ejectment for unlawful encroachments upon the street,. and trespass for digging up or otherwise injuring the same by persons unauthorized by law so to do; and he may restrain by injunction parties from occupying the street in front of his premises for hack or carriage stands, and from otherwise unlawfully obstructing the street in any other manner. 3 Kent, Comm. 433, and cases cited; Branahan v. Hotel Co., 39 Ohio St. 333; Brayton v. Fall River, 113 Mass. 218; Pratt v. Lewis, 39 Mich. 7; Lippincott v. Lasher, 44 N. J. Eq. 120, 14 Atl. Rep. 103; Elliott, Roads & S. p. 524; 2 Dill. Mun. Corp. § 656. This right of the abutting owner is a peculiar, distinct, and separate right from that of the general public to use such street as a public highway. It includes, not only the rights of the general public, but the further right to the street for light and air, access, ingress, and egress, at all times, subject only to the easement of the public and the rights of the municipality. This right to an unobstructed street in front of his premises for light and air, access, ingress, and egress, belonging to an abutting owner, constitutes the most valuable part of the property, especially in crowded thoroughfares and on business streets, and without these rights the property, in many instances, would be greatly diminished in value. These rights, therefore, constitute property that cannot be taken for public use, except upon payment of just compensation. Story v. Railroad Co., 90 N. Y. 122; Lahr v. Railway Co., 104 N. Y. 266, 10 N. E. Rep. 528; 2 Dill. Mun. Corp. § 656; Elliott, Roads & S. p. 527.

An abutting owner necessarily enjoys certain advantages from the existence of an open street adjoining his property which belong to him by reason of his location, and these rights are indispensable to the proper and beneficial enjoyment of the property. These advantages belong to and constitute a part of the property itself, and pass by deed or lease, unless specially reserved in the

instrument. The owner, therefore, of abutting property, in order to have the full enjoyment of his property, must necessarily have the right to a free, open, and unobstructed street in front of his premises for access, ingress, egress, light, and air, subject to the easement of the public and the rights of the municipality to improve the same, and to permit its use for such municipal purposes as are authorized by law. The lease of the premises to the defendant included all rights, incidents, and easements belonging to the property not specially reserved in the lease. In this case no reservation is shown. Taylor, Landl. & Ten. § 161. The defendant, therefore, under his lease, acquired all rights to the use of the street in front of the leased premises, including the right to air and light, access, ingress, and egress, incident to the property, not only as against the public, but as against the plaintiffs. The defendant became entitled, by virtue of his lease, to a free and unobstructed street, incumbered only with the easement of the public and the rights of the municipality, and this right constituted a part of the leased premises. This being so, when the plaintiffs obstructed the street in front of the leased premises, and took possession of the same by depositing lumber and other building material therein, they evicted the defendant from an important part of the leased premises. The defendant's right to the free use of the street in front of his premises for the approach of carriages, express wagons, and other vehicles, either belonging to himself, customers, or others, and of access, ingress, and egress by the public, subject to the easements and rights above mentioned, was as full and complete as his right to the part of the building he occupied, and his right to the one could no more be lawfully obstructed by the plaintiffs than that of the other. The case of Pridgeon v. Boat Club, 66 Mich. 326, 33 N. W. Rep. 502, is quite analogous to the case at bar. The defendant, a boating club, leased premises from the plaintiff for a boathouse, fronting on a river, and by the terms of the lease the lot extended to the channel bank of the river, and included "all and singular the benefits, liberties, and privileges to the said premises belonging." In a suit for rent the defendant pleaded an eviction during the last month of the term, though it retained possession of the demised

premises. The proof was that the plaintiff had moored his pro-
peller in front of the leased premises, cutting it off from access to
the river. The court in that case says: "We think counsel is
correct in this position. If the facts stated are true, the action
of the plaintiff in the premises was a substantial eviction of the
defendant from a part, if not the whole, of the rented lot. The
subject cannot be discussed, except in connection with the object
and purpose for which the lot was rented and occupied. The dis-
turbance of the lessee's beneficial enjoyment of the water front
of the premises amounts to an eviction, actual, if any exists, and
not constructive. The right to enter upon the land leased was of
no interest or benefit to the defendant, only as it furnished a
water front upon which the club could store its boats, and launch
and land the same unobstructed. In a case like the present, the
technical rule which requires the element either of absolute ex-
pulsion from the property by the landlord, or abandonment by
the tenant, to be included in the act of eviction, does not and
ought not to be applied. A party should be held evicted when
the act of the landlord is of such a character as to deprive the
tenant, or has the effect of depriving him, of the beneficial use
and enjoyment of the whole or any part of the demised property,
to the extent he is thus deprived." The judgment of the justice's
court in favor of the plaintiff, and of the county court affirming
the same, were reversed.

In Upton v. Townsend, 84 E. C. L. 30, JERVIS, Ld. C. J., says:
"It is extremely difficult at the present day to define with tech-
nical accuracy what is an eviction. The word 'eviction' was for-
merly used to denote an expulsion by the assertion of a paramount
title and by process of law. But that sort of an eviction is not
necessary to constitute a suspension of the rent, because it is now
well settled that, if the tenant loses the benefit of the enjoyment
of any portion of the demised premises by the act of the landlord,
the rent is thereby suspended." In Hoeveler v. Fleming, 91 Pa.
St. 322, the supreme court of the state of Pennsylvania, speak-
ing by Mr. Justice PAXSON, says: "The modern doctrine as to
what constitutes an eviction is that actual physical expulsion is
not necessary, but any interference with the tenant's beneficial

enjoyment of the demised premises will amount to an eviction in law. Thus in Doran v. Chase, 2 Wkly. Notes Cas. 609, this court affirmed the ruling of the court below, that 'a landlord's refusal to allow an undertenant to enter the premises, under threats of suit, whereby the lessee is deprived of underletting, is such an interruption of the latter's rights as amounts to an eviction.' So an eviction of the lessee from any part of the demised premises will suspend accruing rent. Linton v. Hart, 25 Pa. St. 193. If the landlord claim and use certain privileges upon the demised premises, against the tenant's consent, he must show a reservation of them, or the rent is suspended. Vaughan v. Blanchard, 4 Dall. 114. And I apprehend there might be a legal eviction by confining the tenant to the demised premises, as by closing up a way which was his only means of egress and ingress. Any act of the landlord which deprives the tenant of that beneficial enjoyment of the premises to which he is entitled under the lease will amount in law to an eviction, and suspend the rent."

We are clearly of the opinion that, both upon principle and authority, the acts of the plaintiffs in obstructing the street in front of the demised premises constituted an actual eviction of the defendant from an important part of the property leased, and during its continuance suspended the rent. Leishman v. White, 1 Allen, 489; Grundin v. Carter, 99 Mass. 15; Colburn v. Morrill, 117 Mass. 262; Christopher v. Austin, 11 N. Y. 216; Lawrence v. French, 25 Wend. 445; Dyett v. Pendleton, 8 Cow. 731; Hayner v. Smith, 63 Ill. 430. Our conclusions are that the instructions of the court stated the law correctly, and that the jury were fully warranted by the evidence in finding that the acts of the plaintiffs constituted an actual eviction of the defendant from a part of the demised premises, and that plaintiffs were therefore not entitled to rent for the three months during which the jury find the defendant had been so evicted. The judgment of the court below is therefore affirmed. All the judges concur.