## MEEK v. MEADE COUNTY.

1. One contracting with the board of county commissioners in regard to the establishment by it of a highway is charged with notice of their powers and authority, and, unless they proceed as prescribed by law, their acts do not bind the county.

2. Under Comp. Laws, §§ 1189–1260, which provide for the laying out of highways by condemnation proceedings only in counties not having a civil township organization, and for compensation for the land taken, which must be determined by viewers only, after petition for the highway and other statutory proceedings therefor, except in case all the owners of the land to be used file their written consent thereto in the office of the county auditor, a complaint in an action to recover damages for breach of a contract made by the county commissioners of a county not having a

civil township organization, with a landowner, whereby, they as a part of the consideration for the land which they took for a road not located on a section or quarter-section line, agreed to fence the highway where it ran through plaintiff's land, which does not show the precedent statutory requisites to have been complied with is demurrable on the ground that such contract is *ultra vires.*

(Opinion filed September 2, 1899.)

Appeal from circuit court, Pennington county.   Hon. LEVI McGEE, Judge.

Action by Margaret Meek against Meade county to recover damages caused by defendant's officers in opening a fence. From a judgment in favor of plaintiff, defendant appeals.   Reversed.

*Charles C. Polk* and *Charles W. Brown,* for appellant.

The duty and powers of the officers of a public corporation are prescribed by statute, and every person dealing with them may know and is charged with knowing the nature of their duties and extent of their powers.   Treadway v. Schnauber, 1 S. D. 237; Van Antwerp v. Dell Rapids Township, 5 S. D. 447; Hanson v. Township, 7 S. D. 38; Dillon Mun. Corp., §§ 89, 447, 556: Jay County Comm'rs v. Ferlis, 46 N. E. 699;   Merriam v. Barnum, 48 Cal. 727; 7 Am. & Eng. Enc. of Law, 999.

A county is a political division of a state and as such it is not liable in an action for damages except as imposed expressly or by necessary implication by statute, being a part of the state government, it partakes of the state's immunity from liability.   Gilmore v. County of Contra Costa, 68 Am. Dec. 291; Bailey v. Lawrence County, 5 S. D. 393; Vail v. Town of Armenia, 4 N. D. 239; Erskine v. Steele County, 4 N. D. 339; Comm'rs v. Mighels, 7 Ohio St., 109; Wehn v. Gage County, 5 Neb. 494; 2 Dillon Mun. Corp., Sections 961, 963, 965 and 966;

1 Dillon Mun. Corp., Sections 22, 23 and 66; Boone Corp., Sections 319 and 314; Askew v. Hale County, 54 Ala. 731; Hill v. City of Boston, (Mass.) 23 Am. Rep. 333; Laramie County v. Albany County, 92 U. S. 554; United States v. Railway Co., 17 Wall. 600; Anthony v. Adams, 1 Metcalf, 284; Monroe County v. Flint, 6 S. E. 173; White Star Steamboat Co. v. Gordon County, 7 S. E. 231; Barnett v. County of Contra Costa, 7 Pac. 177; Sherbourne v. Yuba County, 21 Cal. 113; Crowell v. Sonoma County, 25 Cal. 313; Symonds v. Clay County, 71 Ill. 355; Hollenbeck v. Winnebago Co. 95 Ill., 148; Estep v. Keokuk County; 18 Ia. 199; 2 Thomp. Neg. 734. If the contract was within the powers of the county commissioners, the duty of seeing to its performance devolved upon the county officers and they alone and not the public are liable for any damages which may occur to the plaintiff by reason of non-performance or improper performance. County Comm'rs v. Duckett, 20 Md. 468; Id. v. Gibson, 36 Md. 229; Hoover v. Barkhoof, 44 N. Y. 113; Cooley Torts, 400; Huffman v. San Joaquin County, 21 Cal. 426; Crowell v. Sonoma County, 25 Cal. 313; Summers v. Daviess County, 2 N. E. 725; Caldwell v. Boone, 2 N. W. 614; Benton v. Trustees, 1 N. E. 337; Bryant v. St. Paul, 23 N. W. 221; Larkin v. Saginaw County, 82 Am. Dec. 63.

*Wood & Buell*, for respondent.

The statutes having conferred on the board of county com missioners the power to establish the public road in question, the irregular exercise of the power does not render the acts and contracts of the board *ultra vires*. Nat'l Tube Works v. City of Chamberlain, 5 Dak. 54; McGuire v. Rapid City, 6 Dak. 346.

Fuller, J.   As a basis of a claim of $400 damages, caused by the negligence of defendant's officers in opening a fence,

whereby plaintiff's land was exposed to trespassing animals, in violation of an express agreement, it is in the complaint alleged "that on the 10th day of July, 1895, the plaintiff sold and by deed conveyed to Meade county a strip of land sixty six (66) feet wide through said land, for a public highway, said land being then and there inclosed together with a good and sufficient fence, and, as a part of the consideration for the deed to such strip of land for such public highway, the said county, by its county commissioners, duly and legally qualified and acting, promised and agreed, at the expense of said county, to build, construct and maintain a good and substantial fence along both sides of said highway, and such agreement was in writing, and contained a specific provision in words and figures, as follows, to wit: "The party of the second part agrees to build and maintain a lawful fence on the limits of said right of way, using the fence, wire, and posts conveyed by first to second party in construction of said fence.'" Upon the theory that the act of purchasing this land for the purposes of a public highway, and the entering into a contract, as part consideration therefor, to build and maintain a fence along its limits, is *ultra vires*, the defendant interposed a general demurrer, which was overruled, and the point is here presented for review. In this state, and in fact generally, the public is authorized to acquire for the purposes of a road no more than an easement, while the owner of the fee remains the owner of the land, subject to such incumbrance. Const., Art. 6, § 13; Comp. Laws, § 2783. Nothing in jurisprudence seems more firmly fixed than the doctrine charging persons contracting with public officers with notice of their legitimate powers, as defined and limited by law, and by which the municipality assumed to be represented is absolved from all

contractual liability when the procedure specially prescribed by the legislature has not been substantially pursued. Treadway v. Schnauber, 1 Dak. 227, 46 N. W. 464; 1 Dill. Mun. Corp. §§ 89, 447. So, in the matter of establishing a highway, the board of county commissioners being but a creature of the statute, deriving therefrom all the authority and power it possesses, the steps indicated must be taken, or nothing can be accomplished, and the county may set up the plea of *ultra vires.* Mossman v. Forrest, 27 Ind. 233; Burns v. Annas, 60 Me. 288; 7 Am. & Eng. Enc. Law (2d Ed.) 999; Reese, Ultra Vires. par. 194; Hodges v. City of Buffalo, 2 Denio, 110; Oliphant v. Commissioners. 18 Kan. 386; Elliott, Roads & S., Chap. 14. With the exception made by Sections 1219 and 1220 of the Compiled Laws, nowise applicable to this case, public necessity, public notice, and a petition signed by a specified number of free holders, as jurisdictional matters, are conditions precedent to the exercise of any authority on the part of county commissioners with reference to the acquisition of an easement in land for highway purposes, not on section or quarter-section lines, which, if paid for, must be in accordance with the findings of viewers at the conclusion of certain condemnation proceedings provided for by statute. In this instance the board had no power to purchase the land or pay any consideration therefor, except in the way of damages legally awarded. Nor can the perpetual burden of building and maintaining a fence, as a part consideration for the deed, be inflicted upon the county, together with damages caused by trespassing animals, resulting from the unauthorized act of its officers   Cooley, Torts, 621. Our statute suggests the requisites of the petition and notice necessary to justify the appointment of viewers, whose duties

are specially defined together with the acts to be performed by the county clerk and sheriff.    These viewers must report their proceedings at the ensuing session of the board, and if no objections be made to the proposed road, and no owner of land over which it passes feels aggrieved, the only power given to the board is to order such road to be opened and kept in repair. In case of remontrances, reviewers, possessing certain qualifications, must be appointed to hear the parties at a time and place designated, and determine the amount of compensation. if any, in the way of damages, they are entitled to receive. Then, if the road is deemed to be of sufficient importance to the public, the board may order such amount to be paid by the county; but under no circumstances has it power to agree upon a consideration to be paid for the right to pass and repass over the land of another in accordance with the statutory scheme for the establishment of public highways.    If the course here pursued were to receive judicial sanction. such boards might, without any public necessity therefor, purchase, regardless of price, and at pleasure, realty for highway purposes, in violation of the most cogent considerations of public policy.    The constitution, rightfully interpreted, requires that the question of compensation shall be determined by an impartial tribunal; and when the legislature in the performance of its duty, has provided such a tribunal, and specified the exact number and quali fication of its members, its authority is exclusfve, and the statutory method of procedure must be substantially pursued.    As none of the essential conditions precedent were performed or alleged, and respondent's claim was based upon a contract that appellant had no power to make, facts sufficient to constitute a cause of action were not stated, and the demurrer should have

been sustained.    The judgment appealed from is reversed, and
the cause remanded, with the direction that the action   be   dis-
missed.