SIGWALD, Plaintiff, v. STATE, Defendant.

(208 N. W. 162.)

(File No. 5582.   Opinion filed April 5, 1926.)

**1.  States—Constitutional Law.**

Right to sue state does not exist except as declared by Legislature pursuant to Const., Art. 3, Sec. 27.

**2.  States—Highways—Action Cannot Be Brought Against State for Breach of Contract for Surfacing Road, Where No Appropriation Is Available out of Which to Pay Claim (Rev. Code 1919, Secs. 2109-2112; Const., Art. 11, Sec. 9; Laws 1919, c. 333, Sec. 54, as Amended by Laws Sp. Sess. 1920, c. 89).**

Action against state for breach of contract for surfacing state road cannot be brought under Rev. Code 1919, Secs. 2109-2112, where no appropriation was available out of which to pay claim; such claim being adjustable only by Legislature in view of Const., Art. 11, Sec. 9, language of which makes Laws 1919, c. 333, Sec. 54, as amended by Laws Sp. Sess. 1920, c. 89, inapplicable.

Note.—See, Headnote (1), American Key-Numbered Digest, States, Key-No. 191(1), 36 Cyc. 913;  (2) States, Key-No. 191(1), 36 Cyc. 914.

Action purporting to be pursuant to Rev. Code 1919, § 2109, by C. G. Sigwald against the State.   Demurrer to complaint sustained.

*Sterling, Clark & Grigsby,* of Redfield, for Plaintiff.

*Buell F. Jones,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for the State.

GATES, P. J.   Purporting to act pursuant to the provisions of section 2109, Rev. Code 1919, plaintiff filed a complaint against the state in the office of the clerk of the Supreme Court, and served the notice to answer or demur pursuant to section 2110. The Attorney General has demurred to the complaint, and the matter is now before us thereon.   The complaint alleges an advertisement for bids by the state highway commission in 1920 for the construction of 7 miles of state and federal aid highway in Union county; that separate bids were required. (a) for grading and (b) for surfacing with gravel; that plaintiff and another (both of whom we will hereafter refer to as plaintiff, because the other assigned his interest to plaintiff) were the lowest bidders for each; that on September 21, 1920, plaintiff was notified that

his bid for each was accepted; that on September 23, 1920, formal contract was entered into for the grading, but that no formal contract was entered into for the surfacing; that the grading was completed in June ,1921; that in April, 1921, the highway commission returned to plaintiff the certified check accompanying his bid for surfacing, and notified him that such work had been let to other persons, and that plaintiff would not be permitted to do the surfacing; that plaintiff suffered damages thereby in the sum of $25,000 largely by loss of prospective profits in the job of surfacing. The complaint further alleges the presentation of a claim in the sum of $25,000 therefor to the state auditor and its rejection.

For the purposes of this case we assume, without deciding, that this is an action for damages for breach of contract, and that the state is as much liable for the breach of its contract as would be an individual.

It is contended by the Attorney General that this is not the kind of claim contemplated by section 2109; that said section applies only to cases where an appropriation is available out of which to pay the claim, and relies on section 9 of article 11 of the Constitution, which provides:

"No indebtedness shall be incurred or money expended by the state, and no warrant shall be drawn upon the state treasurer except in pursuance of an appropriation for the specific purpose first made."

The plaintiff contends that the general appropriation for highway construction is available for the payment of a judgment that may be rendered, but that, even if such appropriation is not available, yet a judgment could be rendered which would, of course, be unenforceable, unless and until the Legislature, in its discretion, made an appropriation for its payment.

[1] The right to sue the state is not an inherent right. It is a permission given by the Legislature pursuant to the directions of Const., art. 3, § 27. Manifestly no such right exists except as declared by the Legislature.

[2] Sections 2109-2112 of our present Code were first enacted by chapter 1, Laws 1890. Section 4 of that act, which is identical with section 2112, Rev. Code 1919, reads:

"No execution shall issue against the state on any judgment,

but whenever final judgment against the state shall have been obtained in any such action the clerk of the Supreme Court shall make and furnish to the state auditor a duly certified transcript of such judgment, and the auditor shall thereupon audit the amount of damages and costs therein awarded, and the same shall be paid out of the state treasury."

A careful consideration of that section compels the conclusion that the Legislature, in granting permission to sue the state, had in mind only such actions as might result in a judgment which could lawfully be paid out of the state treasury upon presentation to the state auditor of a certified transcript of the judgment. The provisions of Const., art. 11, § 9, above set forth, clearly negative the authority of the state auditor to issue a warrant for the payment of a judgment for which there is no appropriation; therefore the conclusion is irresistible that section 2109, Rev. Code 1919, does not authorize the bringing of a suit upon a claim for the payment of which there is no available appropriation. The case of Stanton v. State, 59 N. W. 738, 5 S. D. 515, was brought under the provisions of said chapter 1, Laws 1890. It appeared in that case that, not only was there no available appropriation, but there was no provision of law authorizing the contract upon which the claim was based. The court held that the claim was one adjustable only by the Legislature, and was not enforceable in court. We are satisfied, therefore, that the demurrer to the present complaint must be sustained, unless the highway appropriations are available. Plaintiff contends that section 54, c. 333, Laws 1919, as amended by chapter 89 of the Laws of the Special Legislative Session of 1920, applies. The portion thereof pertinent to the present question is that the fund "shall be expended, only in the laying out, marking, construction, or reconstruction of public highways" and for "such sums as are required for the maintenance of the highway commission."

In the language of the constitutional provision, is the above "an appropriation for the specific purpose" of paying damages arising from the breach of a contract caused by the highway commission? The word "specific" compels a negative answer to the question whatever the answer might be were it not for that word.

This claim therefore being adjustable only by the Legislature, the demurrer must be sustained. It will be so ordered.