PIETZ, Plaintiff, v. STATE, Defendant.

(270 N. W. 648.)

(File No. 7907. Opinion filed December 26, 1936.)

*Sterling, Clark & Grigsby*, of Redfield, for Plaintiff.

*Walter Conway*, Atty. Gen., and *R. F. Drewry*, Asst. Atty. Gen., for the State.

WARREN J. This is an original action brought in the Supreme Court of the State of South Dakota by the plaintiff, L. A. Pietz, as receiver of the American National Bank of Redfield, S. D., against the State of South Dakota, as defendant. The plaintiff filed his complaint in the office of the clerk of the Supreme Court and served notice on the Attorney General and State Auditor. The Attorney General demurred to the complaint, and the cause is now before this court for a determination of the merits of said demurrer.

The plaintiff in his complaint alleges that the American National Bank suspended on December 10, 1930; that on May 2, 1927, the bank had pledged thirty $1,000 bonds in order to qualify as a depositary for State funds; that at the time of suspension in December, 1930, the State of South Dakota had on deposit in a checking account the sum of $25,000, interest at 2 per cent. per annum being payable to the State; that thereafter, pursuant to agreement, the pledged bonds were sold, and out of the proceeds of such sale the State's deposit claim was paid in full to the State Treasurer in the sum of $25,055.36 on February 18, 1931. He

further alleges that the bank and its officers were without authority to pledge the bonds; that the receiver, Hookway, was without authority to pay the State's deposit claim and that such payment constituted an unlawful preference to the State; that the depositor creditors of the bank will not be paid in full out of the proceeds of liquidation; that dividends to date aggregate only 50 per cent.; and plaintiff asks judgment for $12,527.68 with interest amounting to $5,190.49, or the sum of $17,718.17 with interest from the 18th day of December, 1935.

Defendant has demurred to plaintiff's complaint on the following grounds:

"I. That it appears on the face of said complaint that this court has no jurisdiction of the person of the defendant or the subject of the action:

"(a) Because the action is a suit against the sovereign state which has not consented to be sued in such manner or in any action having the subject stated in said complaint.

"(b) Because no appropriation by law has been made for the specific purpose of paying the claim and demand of plaintiff described in said complaint.

"II. That it appears on the face of said complaint that said complaint does not state facts sufficient to constitute a cause of action."

The matter came on for hearing in due course upon the issues made by the demurrer, and has been presented and argued by counsel, both orally and upon briefs, and is now for our decision. The defendant contends that this court is without jurisdiction of the person of the defendant or the subject of the action, and cites section 1, article 12, of the State Constitution, which provides: "No money shall be paid out of the treasury except upon appropriation by law and on warrant drawn by the proper officer"; and section 9, article 11, which provides: "No indebtedness shall be incurred or money expended by the state and no warrant shall be drawn upon the state treasurer except in pursuance of an appropriation for the specific purpose first made."

It would seem that the Legislature has made no appropriation for the specific purpose of paying claims of receivers for moneys paid to the State Treasurer under the circumstances as alleged in

this case, together with interest on the sums from the dates of payment. An examination of our sections of the Constitution, heretofore referred to, in conjunction with Revised Code, §§ 2109 to 2112, inclusive, seems to indicate that the plaintiff's claim may be adjusted only by the Legislature. Appellant strenuously contends that this court ought to recede from the position it took in Sigwald v. State, 50 S. D. 37, 208 N. W. 162. We have therefore again examined the authorities cited in the case of Sigwald v. State, supra, and our later decisions, in which we have sustained the conclusions reached in the case of Sigwald v. State, supra.

In Brams v. State, 63 S. D. 571, 262 N. W. 89, 94, a late decision, this court said: "It is doubtless true that whatever obligations might rest upon the state plaintiff could not maintain this action unless there was an available appropriation for the payment of such judgment as he might recover. Sigwald v. State (1926) 50 S. D. 37, 208 N. W. 162." See, also, Stanton v. State, 5 S. D. 515, 59 N. W. 738.

In the case of Kansas City Bridge Co. v. State, 61 S. D. 580, 250 N. W. 343, this court again sustained the principles of law established in Sigwald v. State, supra. In an early decision of Collins v. State, 3 S. D. 18, 51 N. W. 776, the court held that the State Constitution, by section 9, article 11, prohibited the Auditor from drawing a warrant upon the State Treasurer except in pursuance of appropriations for the specific purpose first made. See Barnsdall Refining Corporation et al. v. Welch et al. 64 S. D. 647, 269 N. W. 853, an opinion filed November 16, 1936. It therefore seems clear that there is an unbroken chain of authorities holding that before any suit for payment can be brought there must be an appropriation for that specifice purpose.

Our attention has been called to the case of Van Dusen et al. v. State, 11 S. D. 318, 77 N. W. 201, in which the court permitted the plaintiff to recover against the State for certain coal furnished the Agricultural College. This case is clearly distinguishable. In that case the Legislature had made appropriations for the expenditure of a certain amount for fuel and light.

It is sufficient to state that the requirement of an appropriation must first be met before any liability can attach to the state. This has not been shown in the facts before us.

Having reached the conclusion that the action is not maintainable for all of the foregoing, other matters at issue upon the demurrer are not reached, as plaintiff can in no event prevail.

The claim therefore being adjustable only by the Legislature, the demurrer will be sustained. It will be so ordered.

All the Judges concur.