CUKA, Plaintiff v. STATE, Defendant

(122 N.W.2d 83)

(File No. 9982. Opinion filed June 5, 1963)

**Elmer E. Gemar,** Springfield, for Plaintiff.

**John B. Wehde,** Sp. Asst. Atty. Gen., Pierre, for Defendant.

HANSON, P. J. This is an original proceeding against the state in which plaintiff seeks to recover $280 according to the terms of an option agreement with the State Highway Commission for right of way on an abandoned highway project. As there are 46 other land owners similarly situated this proceeding is in the nature of a "pilot" case.

The matter was referred to the Hon. James R. Bandy, as Referee, who entered and reported conclusions in favor of the state based upon the following findings of fact:

"1. On or about November 18, 1960, the State Highway Commission of the State of South Dakota, by resolution, determined the necessity to relocate a portion of State Highway Number 50, the same being a part of the Trunk Highway System.

"2. Such relocation required the use of real property owned by the plaintiff which was not then subject to any existing easement for highway purposes.

"3. On December 21, 1960 the State Highway Commission offered to pay the plaintiff $280.00 for such tract of land, 'for highway purposes only.'

"4. On December 21, 1960 the plaintiff accepted such offer and made, executed and delivered a warranty deed conveying said premises to the State of South Dakota.

"5. The contract for purchase and sale provided that the taking of a deed should render the payment thereunder due.

"6. Thereafter the State Highway Commission audited and approved the plaintiff's claim for $280.00.

"7. On January 24, 1961 the State Auditor issued warrant number 17204 in favor of the plaintiff in the

amount of $280.00 and delivered the same into the possession of the State Highway Commission. Such warrant was never delivered to the plaintiff but was subsequently returned to the State Auditor and cancelled. The State Auditor refuses to reissue such warrant or a new one in its stead.

"8. On March 8, 1961 the State Highway Commission, by resolution, determined that rerouting of State Highway Number 50 was not necessary and rescinded its resolution of November 18, 1960.

"9. On or about May 11, 1961 the State Highway Commission returned the warranty deed to the plaintiff who refused to keep the same and returned it to the State Highway Commission.

"10. Such tract of land was never used for any highway purpose.

"11. On June 7, 1962 the State Highway Commission, by resolution, vacated and abandoned the said tract of land and reverted the same to the plaintiff.

"12. The plaintiff has offered no proof, by stipulation or otherwise, as to the excess, if any, of the amount which would have been due the seller under the contract, over the value of the property to him."

Plaintiff contends this is simply an action at law to recover the contract price of land pursuant to the terms of an executed agreement; that the option agreement lost its executory character upon delivery of deed at which time his right to payment became vested; and the fact the state is a party to the contract and the nature and purpose of the land purchase are immaterial factors which do not constitute grounds for the rejection of his claim. We cannot agree.

Because of its sovereign status there is no inherent right to sue the state. Plaintiff's action is brought under the permissive provisions of SDC 1960 Supp. 33.0604 and recovery thereunder is limited to claims for which there is an available appropriation. Sigwald v. State, 50 S.D. 37, 208 N.W. 162; Kansas City Bridge

Co. v. State, 61 S.D. 580, 250 N.W. 343; Brams v. State, 63 S.D. 571, 262 N.W. 89; Pietz v. State, 65 S.D. 52, 270 N.W. 648; Griffis v. State, 68 S.D. 360, 2 N.W.2d 666, and 69 S.D. 439, 11 N.W.2d 138. The essential question presented here then is whether or not there are appropriated funds available to pay for right of way on the abandoned highway project.

■■■ The State Highway Commission is charged with the duty of acquiring right of way for the construction or improvement of State Trunk Highways. Its restricted authority and manner of proceeding, in this regard, is set forth in the following statutory provisions: "* * * whenever any land or lands, easement in same or material is necessary for right of way in order to make a safe or proper grade, or for widening, changing, relocating, constructing, reconstructing, maintaining or repairing any portion of the State Trunk Highway * * * the State of South Dakota, through and by its State Highway Commission, shall acquire and pay for same out of state highway funds. The cost of said land or material and expense of purchase or condemnation shall be paid as part of the cost of the State Trunk Highway". SDC 1960 Supp. 28.13A01. Such land may be acquired for the state by the State Highway Commission by gift, purchase, or condemnation, SDC 1960 Supp. 28.-13A02, after "the State Highway Commission shall by resolution declare the necessity for acquiring same". SDC 1960 Supp. 28.13A03. However, in the absence of express statutory authorization otherwise, when the state acquires private property for highway right of way it merely acquires an easement and fee title remains in the abutting landowner. Edmison v. Lowry, 3 S.D. 77, 52 N.W. 583, 17 L.R.A. 275; Meek v. Meade County, 12 S.D. 162, 80 N.W. 182; Sweatman v. Bathrick, 17 S.D. 138, 95 N.W. 422; Henle v. Bodin, 54 S.D. 46, 222 N.W. 492. Ordinarily, proceedings for the establishment of a highway may be abandoned by public authorities any time prior to their consummation subject only to intervening or vested rights. 25 Am. Jur., Highways, § 33, p. 357. Upon abandonment or vacation of an established or proposed highway the land is relieved from the servitude created by the public way or proposed public way and possession reverts to the abutting owner. 25 Am.Jur., Highways, § 128, p. 424; 39 C.J.S. Highways § 137, p. 1073.

■ In the present case the option agreement specifically stated the purpose of acquiring plaintiff's property was to secure necessary right of way "for highway purposes only". An easement was all the state could acquire regardless of the form of the instrument of conveyance. Highway 50 was not relocated as contemplated. The state has never taken possession of the property. Its use by plaintiff has never been disturbed. It has never been used for any highway purpose. Any right, title, or interest which the state may have acquired in the property by virtue of the option agreement and deed reverted to plaintiff, by operation of the law, upon abandonment of the project by the State Highway Commission. In contracting with the Commission plaintiff was charged with notice of its limited power and authority. Under the circumstances, he does not have a vested right to payment for property not necessary and never used for highway purposes.

■ In effect, plaintiff is asking for damages for breach of contract. As such his claim must be denied as there are no appropriated highway funds available to pay the same. The Referee's Report is therefore approved and judgment against the state denied.

All the Judges concur.