**PETER KIEWIT SONS CO., a Corporation, Massman Construction Co., a Corporation, and Johnson, Drake & Piper, Inc., a Corporation, Plaintiffs,**

v.

**SOUTH DAKOTA STATE HIGHWAY COMMISSION, consisting of Nils A. Boe, Gordon Gunderson, James Burns and W. E. (Bill) Dorsey, members of said South Dakota Highway Commission, acting for and on Behalf of DEPARTMENT OF HIGHWAYS, STATE OF SOUTH DAKOTA, Defendants.**

Civ. No. 67–27S.

United States District Court
D. South Dakota, S. D.

June 15, 1967.

Ellsworth E. Evans, of Davenport, Evans, Hurwitz & Smith, Sioux Falls, S. D., for plaintiffs.

John B. Wehde, Sp. Asst. Atty. Gen., and Kenneth J. Morgan, Highway Asst. Atty. Gen., of Pierre, S. D., for defendants.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

Peter Kiewit Sons Co., a Nebraska corporation, Massman Construction Co., a Missouri corporation, and Johnson Drake & Piper, Inc., a Minnesota corporation, brought suit against the South Dakota State Highway Commission for damages incurred in the performance of a construction contract and for a declaration of the rights of the parties thereto. The cause comes before this court on motion of the Highway Commission to dismiss the action for lack of jurisdiction on the premise, among others, that the state of South Dakota is the real party in interest, that diversity of citizenship does not exist, and that the suit is in violation of the Eleventh Amendment to the United States Constitution.

Plaintiffs, invoking diversity jurisdiction, brought this suit under chapter 110 of the 1964 Session Laws of the State of South Dakota. This statute provides:

"Section 1.

"The state of South Dakota may be sued and made defendant in any court in which an action is brought against the South Dakota State Highway Commission respecting any claim, right, or controversy arising out of the work performed, or by virtue of the provi-

sions of any construction contract entered into by the South Dakota State Highway Commission. Such action shall be heard and determined pursuant to rules otherwise applicable to civil actions brought in the particular court having jurisdiction of the suit and the parties to the suit shall have the right of appeal from any judgment, decree, or decision of the trial court to the appropriate appellate court under the applicable rules of appeal.

"Section 2.

"Any such action shall name the South Dakota State Highway Commission as defendant and the venue for trial shall be the county where all or part of the construction work was performed.

"Section 3.

"Service upon the state of South Dakota shall be made by serving a copy of the summons, with the complaint attached, upon any member of the South Dakota State Highway Commission, and also by serving copies of the summons and complaint upon the Governor and Attorney General of the state of South Dakota, in the manner provided for the service of process in actions brought in the circuit courts of the state of South Dakota, or by serving a copy of the summons, with the complaint attached, upon any member of the South Dakota State Highway Commission, and also by serving copies of the summons and complaint upon the Governor and Attorney General of the state of South Dakota in the manner provided for service of process in actions brought in United States District Courts, except only that the state shall be required to appear within thirty (30) days after the day such process is served in the manner herein provided.

"Section 4.

"Actions against the state of South Dakota authorized under the provisions of section one (1) shall be instituted within two (2) years from the date of the completion of the work as provided under the terms of that particular contract or contracts.

"Section 5.

"The state of South Dakota shall pay to any successful litigant, the amount of damages awarded and the amount of costs assessed against the state of South Dakota, out of the state highway fund from all the moneys levied and collected by the state by general state taxation for state highway purposes, or appropriated for state highway purposes.

"Section 6.

"No execution shall issue against the state on any final judgment obtained under the provisions of this chapter; but whenever final judgment against the state shall have been obtained in any such action as herein provided, the clerk of the court wherein the final judgment was obtained, shall forthwith, send a certified copy of said judgment by registered mail to the State Highway Director, and to the State Auditor, and the Auditor shall thereupon audit the amount of damages and costs therein finally awarded, and the same shall be paid out of the state highway fund by the State Treasurer."

Plaintiffs argue in substance that by this statute the Legislature has waived the state's immunity under the 11th Amendment, and authorized suit to be brought against the Highway Commission, that a fund is provided for payment of judgments, that the state is not affected by this suit, and that the Highway Commission is an entity separate from the state, constituted and recognized as such by the Legislature through the enactment of chapter 110, S.D.Sess.Laws 1964.

■ The question of whether the state has consented to be sued is not determinative of the question of diversity jurisdiction. Even where there is consent, jurisdiction is lacking if the action is in reality a suit against the state. State Highway Commission of Wyoming v. Utah Construction Co., 278 U.S. 194,

199–200, 49 S.Ct. 104, 73 L.Ed. 262 (1929); State of North Dakota v. National Milling & Cereal Co., 114 F.2d 777, 779 (8th Cir. 1940). Nor is the question of whether a special fund has been provided the only factor to be considered on the question of diversity jurisdiction. Weyerhaeuser Co. v. State Roads Comm'n of Maryland, 187 F.Supp. 766, 771 (D.C. Md.1960). Under 28 U.S.C.A. Sec. 1332, "(a) [t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—(1) citizens of different States; * * *." Thus, if the state is the real party in interest, there is an absence of diversity jurisdiction, even though the state may not be named. DeLong Corporation v. Oregon State Highway Comm'n, 233 F. Supp. 7, 10 (D.C.Ore.1964); aff'd 343 F.2d 911 (9th Cir. 1965); cert. denied 382 U.S. 877, 86 S.Ct. 161, 15 L.Ed.2d 119 (1965).

■■ To determine the question of real parties in interest the court must consider the nature of the case as presented by the whole record rather than by reference to the nominal parties to the record. Ex parte Nebraska, 209 U.S. 436, 444–445, 28 S.Ct. 581, 52 L.Ed. 876 (1908). The question of whether a suit is one between citizens of different states is one as to which the federal courts must express an independent judgment. State Highway Commission in Arkansas v. Kansas City Bridge Co., 81 F.2d 689, 691 (8th Cir. 1936).

Thorough and exhaustive analyses of previous federal court decisions and the relevent state statutes on the problem of federal diversity jurisdiction exist in Weyerhaeuser Co. v. State Roads Comm'n of Maryland, supra, 187 F.Supp. at 766, and in DeLong Corporation v. Oregon State Highway Comm'n, supra, 233 F. Supp. at 7. To avoid prolonged treatment of the cases discussed therein, this court adopts the rationale of the above cases with regard to diversity jurisdiction. As Judge Oliver points out in Maryland Casualty Co. v. State High-

way Comm'n of Missouri, 256 F.Supp. 666 (D.C.Mo.1966):

"The fact that diversity was held to exist in some cases and not in others does not indicate any inconsistency in either the applicable law or the application of that law to a particular case. It merely means that the legislatures of particular states pass different sorts of statutes that differ greatly one from the other and that State and federal courts so hold." Id. at 670.

In order to arrive at an intelligent decision, the court must closely analyze not only the legislation which created the South Dakota Highway Commission, but also the legislation subsequently enacted touching on the powers and duties of the Commission. DeLong Corporation v. Oregon State Highway Comm'n, supra, 233 F.Supp. at 10.

Under S.D.Sess.Laws 1903, chapter 152, the boards of county commissioners were given power to establish, alter or vacate highways and roads within the county. S.D.Sess.Laws 1913, chapter 233, established a State Highway Commission, to be appointed by the governor, with the duty of giving advice, assistance and supervision with regard to road and bridge construction throughout the state. The commission was to prepare and adopt rules and regulations concerning construction of roads and bridges, approve county applications for designated state roads and advise and consult with county boards in the construction or improvement of county roads. The highway commission, as created, was clearly a state agency created to supervise and coordinate road construction within the state, in cooperation with the county boards.

By S.D.Sess.Laws 1917, chapter 359, the 1913 law was repealed and a state highway department was created, with the governor and state engineer as ex officio members, and a third member to be appointed. The duty of the state highway department was to supervise, control and direct the building of public roads and bridges. The duties of the county boards remained the same, subject to approval by the highway depart-

ment. This enactment was passed to enable South Dakota to qualify for funds under the Federal-Aid Highway Program, of 1916. Although the duties of the highway department were more specifically delineated in this chapter and it was given the power to let contracts, it is clear that the highway department remained a mere agent of the state. Chapter 50 of the 1918 S.D.Session Laws gave the state highway department and boards of county commissioners power to acquire private property by purchase or condemnation, requiring that all actions be brought in the name of the state and declaring that all such lands acquired by the state highway department "shall be taken and held in the name of the State of South Dakota", and that lands acquired by the boards of county commissioners be taken and held in the name of the county.

In 1919, the Legislature enacted chapter 333 of the S.D.Sess.Laws, abolishing the state highway department and directing the governor to appoint a state highway commission "upon whom shall devolve all powers, duties, rights, privileges and obligations heretofore imposed upon * * * the State Highway Department * * *." The commission was composed of the governor and two members appointed by him, and the commission was to appoint a state highway engineer. The boards of county commissioners retained the power under the stated limitations to designate a prospective county highway system subject to the approval of the highway commission, to construct and maintain secondary roads and county roads except the Trunk Highway System, and to enter into contracts for such work. Section 57 of chapter 333 provides in part: "Contracts for all road and bridge construction performed on the Trunk Highway System shall be between the state and the contractor and shall be approved by the Highway Commission * * *."

A reading of the S.D.Sess.Laws 1919, chapter 333, convinces this Court that the highway commission remained an agent of the state, controlling and directing the highway systems of the state of South Dakota. Under this chapter it appears that the highway commission had primary responsibility with regard to the Trunk Highway System and supervisory and directory powers over the boards of county commissioners, whose primary concern was county and secondary roads. There is nothing to indicate that the highway commission was constituted as a legal entity independent of the state, or that it acted in any manner other than as an agent of the state.

The above laws were retained in substance in the S.D.Revised Code of 1919, the S.D.Compiled Laws of 1929, and the S.D.Code of 1939 (Title 28). S.D.Sess. Laws 1939, chapter 113, provides among other things, that "the State of South Dakota, through and by its State Highway Commission, shall acquire and pay" for land or material necessary for right of way. It further provides that the petition to be filed by the state highway commission, "on behalf of the State and in its name", "shall name the State Highway Commission as the *department of the state government* desiring to take. * * *" (Emphasis added.) The S. D.Sess.Laws 1941, chapter 136, states that "it shall be the duty of the State to purchase or condemn" necessary land or materials outside the right of way, and provides for procedure by the highway commission. Both of the above laws have been retained in the 1960 Supplement to the S.D.Code of 1939.

■ It is clear to this Court that the highway commission as created by the South Dakota legislature and by virtue of its specified powers and duties, is an arm of the state performing an essential governmental function, rather than an entity separate and apart from the state.

■ Although the federal court makes an independent determination of the character and status of a state agency, it is influenced by state decisions. State Highway Commission in Arkansas v. Kansas City Bridge Co., supra, 81 F. 2d at 691. Thus, a look at South Dako-

ta decisions may be of assistance in resolving the question.

There has been no decision by the South Dakota Supreme Court holding directly on the question of whether the state highway commission is an arm of the state, or its alter ego, or whether it is a separate legal entity. There is an indication in the cases, however, which reveals that the South Dakota Supreme Court considers suits involving the highway commission to be suits against the state and that the state is the real party in interest. In Darnall v. State, 79 S. D. 59, 108 N.W.2d 201 (1961), a suit was brought by landowners against the state of South Dakota and members of the state highway commission for consequential damages arising out of highway construction work. After discussing the powers of the highway commission and the duty of the state to acquire land by and through the highway commission, the court states:

"Where a state or an agency thereof acting in a sovereign capacity takes or damages private property for public use without exercising the power of eminent domain, it cannot evade the constitutional provision which guarantees the right to compensation * * *." Id., 108 N.W.2d at 204.

Cuka v. State, 80 S.D. 232, 122 N.W.2d 83 (1963), was an original proceeding against the state to recover under an option agreement with the state highway commission for right of way. In holding that there could be no recovery because there were no appropriated highway funds available to pay for right of way on an abandoned highway project, the court indicated that it considered the highway commission to be an integral part of the state. The court stated in this regard:

"Because of its sovereign status there is no inherent right to sue the state * * *.

The State Highway Commission is charged with the duty of acquiring right of way for the construction or improvement of State Trunk High-

ways. Its *restricted authority* and manner of proceeding, in this regard, is set forth in the following statutory provisions: (quoting statutes). * * * In contracting with the Commission plaintiff was charged with notice of its *limited power and authority*." (Emphases added.) Id., 122 N.W.2d at 85.

In Hurley v. State, 143 N.W.2d 722 (S. D.1966), the South Dakota court held that a remedy under the state constitution existed against the state in the absence of an adequate statutory remedy, where a landowner was damaged as a result of construction by the state highway commission.

These cases are indicative of the view of the South Dakota Supreme Court that the state highway commission is an arm of the state, having restricted powers, and that the state is the real party in interest in cases involving actions of the state highway commission.

■ If the state of South Dakota is the real party in interest, it makes no difference whether the contract with the contractor was made for the state by the commission, or by the commission itself. The distinction is one of form, rather than of substance. State Highway Commission in Arkansas v. Kansas City Bridge Co., supra, 81 F.2d at 690.

The Court now looks at S.D.Sess.Laws 1964, chapter 110, which is set out in its entirety in the beginning of this opinion. Without holding on the effectiveness of the statute in accomplishing the purpose of the South Dakota legislature, the Court finds that the statute did not change the nature or character of the South Dakota highway commission. It remains an agency of the state government and an action against the highway commission is nothing more than an action against the state of South Dakota. Thus, the state of South Dakota is the real party in interest and the highway commission is not a citizen within the meaning of the diversity statute.

For the above reasons, this court has no jurisdiction over the claim against the highway commission and the motion of the commission to dismiss the action is hereby granted.

This memorandum decision shall constitute the Court's findings of fact and conclusions of law.